Opinion of the Court.
BY virtue of an execution in favor of Samuel Luckey, against Samuel Perceful, the sheriff seized a mare in the possession of Perceful, and sold her, and the plaintiff in error became the purchaser. The defendant in error brought this action of trover and conversion for the mare, claiming her as his, by virtue of a previous purchase from Perceful. He proved that he had a judgment against Perceful, and on the 3d of October 1819, he agreed to take the mare in discharged *255 of so much of the judgment, and executed a receipt for as much as her price amounted to, being fifty dollars ; that he took the mare and led her a little distance, and turned her into a lot, of another person, of whom he had previously obtained permission. The lot was only a few steps from the place of sale, and after he had turned her into the lot, Perceful being still present, he, May, informed Perceful, that he might have the use of the mare, until he, May, sent for her; that he was about making up a team, and when he did that, he should want her, and if she died before he sent for her, Perceful should bear the loss. The jury found a verdict for the defendant in error, and the court rendered judgment thereon; to reverse which, this writ of error is prosecuted.
Instructions given to the jury cannot be noticed by the court of appeals, unless incorporated with, or referred to, in a bill of exceptions, or made part of the record by order of the court.
Their having been reduced to writing, stated to have been given or refused, and transcribed by the clerk with the record, does not make them part of the record.
The vender's continuing in possession of property, after an absolute sale, is conclusive evidence of fraud, which, it seems, is not to be repelled by a momentary delivery to the vendee, who immediately lends it to the vender, to use and keep at his (the vender’s) risk.
*255 1. There appear numerous instructions to the jury in the cause, signed by the judge and copied by the clerk. To some of them, the word, “given,” and to others, the word, “refused,” is annexed. But none of these, except one, is made part of an exception, or is otherwise connected with the record. Although there maybe numerous loose papers in a cause, signed by the judge, and the clerk shall incorporate them improperly into the copy which he makes out for this court, we cannot notice them as part of the record, unless they have been made part of it by exception or order of the court below.
The instruction excepted to, is moved on the part of the plaintiff in error, and is to this effect: “That if the loan was made at the time of the sale, the delivery of possession by Perceful to May, was colourable and the sale fraudulent, and they must find for the defendant.” The court, in reply, instructed the jury, “ that if the loan was only colourable, and not in good faith, this is evidence of fraud, and from which the jury might infer the sale fraudulent and void.”
2. We do not concur with the counsel for the plaintiff in error, in the instruction as asked. It assumes the fact, that the delivery of possession was colourable, as necessarily resulting from the loan being made at the time of the sale. This is not a necessary conclusion. But if the loan of the property was made at the time of the sale, and the use immediately secured to Perceful, the delivery might be useless and of no avail in law. We, in like manner as the court did instruct, *256 and by that instruction attempted to modify the instruction asked, cannot concur with the court in the instruction given. As before stated, the sale from May to Perceful was on the 3rd of October 1819. On the 3rd of November following, the execution of Luckey issued, under which the mare was sold, and the sale took place about the 20th of December ensuing; and the proof is clear, even from the oath of Perceful himself, who was sworn as a witness for the defendant in error, that the use and possession of the mare remained with Peaceful, the debtor. It is to be inferred, from the instructions given, that if the loan was not colourable, but in good faith, there was no evidence of fraud in the sale to May, the defendant in error. This we cannot admit. The delivery and removal of the property, might have taken place as proved, and the loan might have taken place in good faith, and yet the use and subsequent possession of the mare by Perceful, furnish conclusive evidence of fraud ; especially, as the mare remained at the risk of Perceful. This principle resuits from the fact, that the beneficial use of the property is secured to the debtor, by a secret trust between the parties, while some creditors remain unsatisfied, and others are deluded by the apparent ownership of the vender, who holds possession and receives the benefit. The circumstances, then, of the commodity being delivered for a moment, and then returned ; or that returning being done by way of express loan, and the still stronger fact, that a fair and valuable consideration was given by the vendee, will not repel this inference. On this principle the supreme court of the United States decided the case of Hamilton vs. Russell, 1 Cranch, 309. In that case, another is approved, where a valuable consideration was given, and a delivery of part for the whole was made, and the goods left, and yet the possession of the vender was declared, per se, a fraud, and the sale avoided. The same principle is recognized by this court, in the case of Dale vs. Arnold, 2 Bibb 605. An attention to this principle would have produced a different instruction, and the jury ought not to have been left to infer, that the circumstance of a loan not colourable, would avoid the conclusion of fraud and sanctify the transaction. The instruction of the court cannot, therefore, he supported.
*257 A new trial was moved for, and refused, and that opinion excepted to, and the evidence spread upon the record. On this question, the doctrine above, stated has its full influence, and shows that the verdict is erroneous in point of law. To this it may be added, that many other circumstances proved, concur with the conclusion of fraud. The proof conducing to show that the judgment of May, the defendant in error, was satisfied ; the solemnity and formality with which the sale was made to May; the pains taken to invite witnesses to go a distance to see the sale made, of a small mare worth fifty dollars, between two friendly individuals; the bautering negotiation about the price, until it was reduced from one hundred dollars to fifty, and the procurement of a lot, previously, in which the mare was to be put, after she was led a small distance, are all circumstances from which the jury might have drawn strong inferences, corroborating the deductions of law from Perceful’s possession. A new trial ought, therefore, to have been granted.
The judgment must be reversed with costs, and the verdict set aside, with directions for further proceedings not inconsistent with this opinion.