### A. F. SMITH *v.* JOHN TURNER.

**Sale of Horse—Delivery of Possession—Creditor's Claims.**

An absolute sale of personal property, unless it be followed by the possession of the purchaser, is void as to creditors of the vendor.

**Sale and Delivery.**

Where the vendor of a horse and his vendee reside together there must be an actual, visible change of possession, and where there is no such delivery the vendor's creditors may subject the property to their debts.

APPEAL FROM LARUE CIRCUIT COURT.

March 14, 1878.

OPINION BY JUDGE COFER:

An execution in favor of appellant was levied on a horse as the property of W. H. Turner, the defendant in the execution. John Turner, the appellee, claiming the horse, executed a bond and had the horse surrendered to him.

W. H. Turner, as was shown by the evidence, was the original owner of the horse, and appellee, who is his son, claims to have purchased him several years prior to the levy of the execution on him from his father, with whom he lived at the time; and the horse had remained on the place of the father from the time appellee claims to have purchased him until after he was levied on. Although appellee left his father's house and went west, where he remained a considerable length of time, about two years, when he left he made no arrangement or contract to have the colt kept, for as he himself proves the horse then was not a year old, and his services were worth nothing, being incapable of performing any service.

Appellee claims that the sale to him was an absolute sale, and yet there is no proof whatever that there was an actual delivery of possession to him of the colt at the time he claims to have purchased him; certainly there was no evidence of a visible change of the possession at the time nor since, until after the execution was levied on him.

This being the state of the proof the court below erred in refusing to give the instruction asked for by appellant. In an absolute sale of personal property, unless it be accompanied and followed by the possession of the purchaser, it is void as to the creditors of the vendor. And where the parties reside together the rule requires that there must be an actual visible change of possession, such as is understood and known in the neighborhood, and will apprise the public that the sale has been made and the ownership changed; and where that is not the case, the creditors of the original owner may subject the property to their debts. *Jarvis v. Davis,* 14 B. Mon. 529; *Breckenridge v. Anderson,* 3 J. J. Marsh. 710; *Goldsbury v. May,* 1 Litt. 254.

As to the effect of the mortgage of the horse made by W. H. Turner and wife to Smith in the presence of J. Turner, as no instruction was asked on the subject, we forbear any comments. But for the error pointed out the judgment is *reversed* and the cause is

remanded for a new trial, and for further proceedings consistent herewith.

*Read & Twyman, for appellant.*

*W. P. D. Bush, T. A. Robertson, for appellee.*