*113 OPINION of the Court, by
Ch. J. Bibb.
Upon the preliminary question made upon the bill of exceptions to the opinion of the general court, admitting the certificate and entry of Joseph Blackford to be filed and now brought up by certiorari, the court has no hesitation in approving the admission, and considering them as exhibits in the cause. The evidence arising out of the decree of the court, the manner in which they directed the complainant’s entry to be surveyed adjoining Blackford, and the manner of surveying Blackford’s settlement as directed bj^ that decree, force a conviction upon the mind, that Blackford’s certificate and entry must have been before that court when the decree was' rendered. The decree is the act of the court, and we cannot presume that court to have acted upon Blackford’s settlement without any evidence of the location, and to have given in the dark, a direction to that claim as the basis of the complainant’s entry. Such evidence may safely be pronounced, a firm and sure rudder by which to steer between the dangers which present themselves on either hand, as mentioned in the former opinion of this court upon the application made here, to admit those exhibits.
Quere — whether a suit against G. to compel him to execute a trans-id to H» according to agreement & against Craig to releafe an adversary claim, could have been joined in the same bill by H.
On reversal of decree on bill pro cotifesso, there being an appearance of equity, the cause remanded to the court below, for new proceedings^by amending the bill.
It is not necessary to examine the various assigft* ments, as the court is of opinion that the bill is not sufficient to uphold the decree. Horine derives his claim under an entry made by James Gordon, from whom the complainant alleges, “ he purchased for a valuable consideration all his claim, right and title, to the said entry so made by him as above, so that the equitable title thereto, is now vested in him.” The complainant does not allege that the patent had issued to Gordon, who had conveyed to him by deed exhibited or ready to be exhibited, nor that the survey had been assigned to the complainant. So that Craig would not have been secured against the claim of Gordon, in case the decree had been or should be for Craig on the merits of the respective claims to the whole or a part of the interference. Whether the contract between Horine and Gordon is executed or executory, does not certainly appear from the bill, but it would rather seem to be the latter. Gordon is no party to the suit, and the decree could not conclude him. Whether a claim against Gordon for the execution of the contract for sale of his entry, and against Craig for a release of his adversary claim, might have been rightfully joined by Horine in the same bill, is a question of some doubt, which the court are not now called upon to decide. It is conceded that every matter of fact alleged in the bill in apt manner, must be taken as true, where the bill is taken pro confessso, for want of an answer, as in the case before us. But deductions of law, or results from facts, where those results are stated, without alleging the facts sufficiently, are not to be taken as confessed, as if the operation of a deed, instead of the deed itself, was alleged. In point of fact therefore, the allegation of a purchase from Gordon cannot be taken as confessed, because it is insufficiently pleaded. In point of law the allegation is insufficient, because an executory contract between the complainant and Gordon, is not a sufficient substratum of the suit against Craig.
It is therefore decreed, and ordered, that the said decree be reversed, set aside, and holden for nought, and it appearing to the court from the exhibits that the entry of Gordon hath so far the appearance of specialty as to deserve a farther investigation, and has been surveyed, although not alleged, therefore, the said cause is *115 remanded to the general court, for new proceedings to be had therein, to commence as upon an appearance entered by the defendant, and the complainant to have leave to amend his bill, in case he shall move the court in that behalf.