## *Gentry &c. vs. Hutchcraft.*

PETITION &
SUMMONS.

Case 43.

Error to the Madison Circuit; GEO. SHANNON, Judge.

*Lost process.  Exhibits.  Record.  Practice.  Error. Damages.*

Judge OWSLEY delivered the opinion of the court.

April 30.

Hutchcraft filed in the clerk's office of the Madison circuit court, a petition against James H. Gentry and David Gentry, accompanied with their note to him for the payment of four hundred and forty-two dollars and sixty-eight cents.

Petition filed.

On the 18th of February 1824, the clerk issued a summons, in favor of Hutchcraft, upon the petition, against both the Gentrys, returnable to the March term of the court thereafter. The summons was returned by the sheriff, "Executed on James H. Gentry the 26th of February, 1824, by delivering to him a copy of the within petition and summons, and David Gentry not found."

Summons and sheriff's return.

At the March term 1824, an order was made, "that the cause be continued and that an alias process issue, returnable to the next term of the court.

Continuance, and order for an alias.

2 F

GENTRY &c.
vs.
HUTCH-
CRAFT.

Judgment by
default.

Process not
executed on
one defend-
ant, and that
assigned for
error.

Matter re-
turned by the
certiorari.

Entry on the
records of the
circuit court
of the proof
that an alias

At the June term no entry was made in the cause, there being, as the clerk certifies, no court at that time.

At the September term, the cause was called, and the Gentrys failing to appear, judgment was rendered against them for the amount of the note mentioned in the petition, together with interest and cost.

To reverse that judgment, the Gentrys have prosecuted this writ of error with supersedeas.

The alias summons which was ordered by the court to issue at the March term, is not contained in the original transcript of the record filed in this case, nor does it appear from any thing contained in that transcript, that the alias summons ever issued or that any process was served upon David Gentry, one of the defendants in the circuit court before judgment.

It is assigned for error by the Gentrys, "that the court erred in rendering judgment against them, no process having been served upon David Gentry."

Tested by the original transcript of the record, the judgment undoubtedly could not be sustained. To have authorized the judgment, both of the Gentry's should have been served with process, and by the original transcript there appears to have been no process served upon David Gentry.

But it being suggested on the part of Hutchcraft, that there was a defect or diminution in the original transcript of the record, a *certiorari* was ordered to the clerk of the circuit court to supply the defects in the transcript. The *certiorari* has been returned, accompanied with an additional transcript certified by the clerk to be a correct copy of proceedings had at the March term, 1827, on notice and motion by Hutchcraft, as the same remains in his office.

By this additional transcript it appears that in pursuance of notice given to the Gentrys for that purpose, Hutchcraft moved the circuit court of Madison, at the March term, 1827, and obtained an order not only certifying, but containing the evi-

dence upon which the order was made, "that satisfactory proof was made to the court that in the case of Hutchcraft against James H. Gentry and David Gentry, petition and summons formerly in this court, and in which judgment was rendered at the September term of this court, 1824, and which case is now pending in the court of appeals, an alias petition and summons was regularly issued by the clerk of this court, on the 4th of May, 1824, directed to the sheriff of Madison county, and that a copy thereof was duly served upon the defendant David Gentry, by a deputy sheriff of said county of Madison, on the 22d of May, 1824; and that said alias with the proper return of the said sheriff thereon, and of which the following is a copy, to-wit:" [Here follows a true copy of the original petition in this case and alias summons thereon returnable to the June term, 1824, and upon the summons is the following return of the sheriff—Executed the 22d of May, 1824, by delivering a copy of the within petition and summons to the within defendant David Gentry,]—"was duly filed with the papers in said suit, in said clerk's office, when said judgment was rendered, and that the same has since been lost or mislaid, so that the same cannot now be found in said office."

The evidence contained in the transcript, and upon which the order appears to have been made, is in part written, and part oral. The written evidence consists of an entry in a memorandum book of the office of the clerk, in the following words—"4th May, 1824. Hutchcraft against Gentrys alias pet. and summons issued." An endorsment on the docket of the June term 1824, opposite the suit of Thomas Hutchcraft, against James H. and David Gentry—petitions and summons, "alias issued"—and in the place where the sheriff's returns are entered, "Ex'd 22d May 1824."

The oral evidence consists of the testimony of the clerk, his deputy, the deputy sheriff, and the attorney who prosecuted the suit for Hutchcraft, all of whom concur in proving conclusively that the alias summons not only issued, but was actually served upon David Gentry, according to the import of

GENTRY &c.
vs.
HUTCH-
CRAFT.

the written memorandum, and that it was in fact returned executed, and was with the papers of the cause at the time judgment was rendered by the circuit court, but the same is now lost or mislaid so that it cannot be found.

Loss of the process, and sheriff's return may be supplied by oral proof made before the circuit court at a subsequent term, and there recorded, and thus a judgment upheld.

If it be possible to supply the loss of the summons and sheriff's return thereon by proof in the court of original jurisdiction after *the term is over,* at which judgment is rendered, and if it be possible by such proof, and the order of the court made thereon to uphold the judgment rendered in a case in which the process is lost, the present would therefore from the transcript brought up by the *certiorari* seem to be such a case.

Is it then competent in any case *to supply the loss* of process; and may *the judgment notwithstanding* such loss be upheld by proof afterwards made in the court of original jurisdiction and the order of the court thereon?

Those questions have, we apprehend, in effect been answered in the affirmative, by the former decisions and practice of this court.

Exhibits in chancery cause, which are lost or mislaid after the decree, may be supplied at a subsequent term.

In the case of Craig against Horine, 1 Bibb, 8, a question arose whether it was practicable, and if practicable, how it should be done, to supply the absence of *certain exhibits which were necessary to make out the complainant's title,* and which had been used on the trial in the court below, but which had been mislaid or lost out of the papers since the trial in that court, and not contained in the transcript of the record certified by the clerk.

The court after maturely deliberating on the consequences which might follow from any rule, which might be adopted, came to the determination that the absence of the exhibits might be supplied, but that it must be done by application to the court that tried the cause.

After the decision in that case by this court, application was made to the court of original jurisdiction in which the cause had been decided, to file the absent exhibits, and permission was accordingly given to the applicant to file them. *The exhibits*

were then brought up to this court by *certiorari*, and though objected to as not composing part of the record of the original cause, the objection was overruled, the admission of them by the court of original jurisdiction approved, and they were considered and acted upon by this court as part of the record in the case. 1 Bibb, 113. The same rule has since been followed and repeatedly acted on in subsequent cases.

It is true no case has hitherto occurred in which it became necesaary to decide on the application of the rule to lost process; but if it be correct to allow lost exhibits to be supplied, no reason is perceived why lost process may not also be supplied in the same manner. *Exhibits which are with the papers of a chancery cause at the hearing, are as much a part of the record as any process can be; and if in respect to exhibits which are lost the defect of record may be supplied and corrected by after application to the court by whom the cause was decided, it would seem to follow that the defect in the record occasioned by the loss of process may also be supplied and corrected in the same way.*

It follows, therefore, that according to the record as it now appears from the return to the *certiorari*, that both of the Gentrys, who were defendants in the court below, were regularly served with process before judgment was rendered against them, and that the judgment must consequently be affirmed; and that too with cost and damages, as was done in the case of Speed's executors against Hann, 1 Mon. 16, upon affirming the judgment which had been superseded for an error apparent in the original transcript of the record, but which had been corrected after the cause was in this court by an amendment made in the court of original jurisdiction.

*Turner* and *Caperton* for plaintiffs; *Breck* for defendants.

If, pending the writ of error with supersedeas, the defendant in error make sufficient proof of the existence and loss of the process and sheriff's return, the lack of which was the only error, the judgment will be affirmed with damages and costs.