CASE 50—SEPTEMBER 20.

## Boaz vs. Nail.

##### APPEAL FROM FULTON CIRCUIT COURT.

1. The effect of the provisions of sections 66 and 73 of the Civil Code, is to confer upon the plaintiff in an action the unlimited right to have his original process directed to and executed by either the sheriff, jailer, coronor, or a constable, at his own mere option, and the 10th section of article 2, page 620, of the Revised Statutes, is to that extent repealed.

2. Executions issued on a judgment rendered upon process served by the jailer, must be directed to and acted on by him. (*Rev. Stat., sec. 9, page* 622.)

W. F. BULLOCK, for appellant, cited *Rev. Stat., sec.* 10, *p.* 620; *Ib., sec.* 9, *p.* 622; *Civil Code, sec.* 66.

JOHN RODMAN, for appellee, cited *Civil Code, sec.* 66; *Rev. Stat., sec.* 9, *p.* 622.

JUDGE DUVALL DELIVERED THE OPINION OF THE COURT:

It appears from the statement of the facts agreed in this case, that the original process in several actions brought in the Fulton circuit court, had been, at the request of the plaintiffs in those actions, directed to the jailer of Fulton county, and by him executed. It is admitted that the several plaintiffs in the

actions alluded to made no special objection to the sheriff, and assigned no reason or cause for requesting the process to be directed to and executed by the jailer instead of the sheriff.

And the single question to be decided is, whether the executions which may be issued upon the judgments rendered in the cases mentioned, must be directed to and acted on by the jailer, or whether such executions should, upon the motion of the sheriff, have been directed to and acted on by the latter?

The Revised Statutes (*sec.* 10, *of art.* 2, *p.* 620) provide that process from any court may, in a civil or criminal case, be directed to and executed by the jailer of the county, " *when it shall be made to appear by affidavit* to the clerk of the court that the sheriff and coroner of the county are interested in the cause," or are laboring under one or more of the other disqualifications enumerated in the section.

It is clear that under this statute the right of the jailer to execute process is restricted to those cases where some one or more of the specified objections to the sheriff or coroner shall be shown to exist by affidavit.

But a radical modification of this provision is to be found in the Civil Code, the 66th section of which provides, that " the summons shall be directed to the sheriff of the county, *or*, *at the request of the plaintiff*, to the jailer, coroner, or a constable, and command him to summon the defendant or defendants," &c. And by section 73, " the summons may be served by the officer to whom it is directed, or by any officer to whom it might have been directed."

The effect of these provisions of the Code is to confer upon the plaintiff in an action the unlimited right to have his original process directed to and executed by either the sheriff, jailer, coroner, or a constable, at his own mere option, and the 10th section of the Revised Statutes is, to that extent, repealed.

The jailer, then, having, in the exercise of an undoubted legal right, executed the original process in the action, the question arises, to what officer should the execution on the judgment be directed?

A conclusive answer to this question is to be found in section 9 of the Revised Statutes, (*page* 622,) in which it is declared

that " executions issued on a judgment or decree rendered upon process served by the coroner, shall be directed to and acted on by him. If the process be served by the jailer, the executions on the judgment or decree shall be directed to and acted on by him."

The wisdom or policy of this rule, or the probable motives which may have influenced the legislature in adopting it, are matters with which we have nothing to do. The language of the statute is as plain as it is imperative, and until repealed by the only competent authority, the mischiefs or hardships, if any, which may result from its operation, must be submitted to.

It follows, from these views, that the circuit court properly refused to order the clerk to issue the executions in question to the sheriff, and the judgment overruling the motion of the appellant is therefore *affirmed.*