CASE 68—PETITION ORDINARY—MAY 7.

# Winnegar's Administrator v. Central Passenger Railway Company.

85 547 / 91 539
85 547 / 95 17
85 547 / 99 61
85 547 / e110 659 / e110 660
85 547 / 118 889
85 547 / 119 882

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

1. INTENTIONAL INJURIES RESULTING IN DEATH.—No action can be maintained, either at common law or under the statute, by the personal representative for the destruction of his intestate's life, where the injury from which death resulted was willfully and intentionally inflicted.
2. ACTIONS WHICH SURVIVE.—An action for an assault and battery does not survive to the personal representative.
3. SAME.—An action against a passenger carrier in the nature of an action on the case for the injuries resulting from a breach of the carrier's contract to transport the passenger safely, survives to the personal representative, and the fact that the death of the person injured resulted from the injuries received does not affect the right of recovery, the action being for the injuries and not for the death.
4. PASSENGER CARRIERS.—The law implies a contract upon the part of a carrier of passengers for the protection of the party carried from the insults and wanton interference of strangers, fellow-passengers, and the carrier and his servants; and for any violation of the implied contract by force or negligence, the carrier is liable in an action of contract or tort.
5. SAME.—The law requires the carrier to transport with impartiality and safety those who offer.
6. CASE: In the petition in this case to which a demurrer was sustained, it is alleged that the plaintiff's intestate offered the driver of one of the defendant's street cars, the defendant being a street railway company, the ordinary fare for carrying passengers, when the driver refused to take it, assaulting and striking plaintiff's intestate, knocking him off the car, and that he was then run over by the car, receiving injuries from which he died, after suffering great bodily pain and mental anguish. For the injury, resulting in the mental and physical pain as alleged, the administrator seeks to recover. *Held*—That the demurrer to the petition was improperly sustained.

ALPHEUS BAKER FOR APPELLANT.

1. This is a suit to recover damages for a breach of the *implied contract* of a common carrier of passengers that the passenger shall be well treated and protected, and the petition states a cause of action. (2

Parsons on Contracts (5 ed.), 225; Sherley v. Billings, 8 Bush, 147; Goddard v. R. R. Co, 57 Maine, 202; R. R. Co. v. Riley, 39 Ind., 568; Weed v. R. R., 17 N. Y., 362; R. R. v. Derby, 14 How., 468; R. R. v. Vandiveer, 42 Pa. St., 365.)

2. The relation of passenger existed. Appellee was bound to carry all who were ready and willing to pay it the customary hire. (1 Addison on Torts, sec. 649.) Neither entry on cars nor *payment of fare* is necessary to constitute the relation of passenger. (Gordon v. R. R. Co., 40 Barb., 546; Jeff. R. R. Co. v. Riley, 39 Ind., 568; Batton and Wife v. N. A. R. R. Co., Cent. Law J., May 14, 1886, p. 467.)

3. This action was not brought, and could not properly have been brought, under secton 3 of chapter 57 of General Statutes, as the injury resulting in the killing was *intentional*. (Spring v. Glenn, 12 Bush, 173.)

Nor is it an action of trespass *vi et armis* for assault and battery brought against the master for the act of the servant. (Brashier v. Kennedy, 10 B. M., 28; Wood's Law of Master and Servant, p. 644.)

Therefore, the provisions of chapter 10 of General Statutes do not apply.

J. J. McAFEE OF COUNSEL FOR APPELLANT.

BROWN, HUMPHREY & DAVIE FOR APPELLEE.

1. This action is not authorized by any statute; for the statutes only authorize an "administrator" to sue in cases where the death is caused by "negligence;" and the allegation here is not of any negligence, but of death from a "willful and unlawful assault." (Gen. Stats., chap. 57, secs. 1 and 3; Spring v. Glenn, 12 Bush, 173; Morgan v. Thompson, 82 Ky., 383.)

2. Nor can it be sustained on common law principles, as an action for damages for the death of the party; for at common law no action could be brought by an administrator for damages for the death of his decedent. (Cooley on Torts, pages 15 and 28; Eden v. R R. Co., 14 Ben. Monroe, 206; Murphy v. Canal Co., 9 Bush, 534; R. R. Co. v. Case, 9 Bush, 733; Morgan v. Thompson, 82 Ky., 383.)

3. Nor can the administrator sue to recover damages for the suffering which occurred in the twelve days between the "assault" and the death; for this action being, not for negligence, but for a "willful and unlawful assault," it did not survive at common law; and our statute expressly provides that "an action for assault shall cease or die with the person injured." (Gen. Stats., chap 10, sec. 1.)

4. The case of Sherley v. Billings, 8 Bush, is not decisive of this; for the assault there did not produce death, and the suit was by the living injured party. (Sherley v. Billings, 8 Bush, 150.)

5. Nor are the cases of Hansford v. Payne, 11 Bush, 382, and Connor v. Paul, 12 Bush, 145, applicable; for those were actions for "negli-

gence;" and, by express statute, actions for "negligence" survive to the administrator; while actions like this, not for negligence, but for a "willful and unlawful assault," do not survive. (Gen. Stats., chap. 10, sec. 1; chap. 57, sec. 1.)

6. Nor should the statute, which provides that actions for an "assault" shall not survive, be evaded by a theory that the assault complained of was a breach of an implied contract on the part of the common carrier that it would not assault passengers. Whether the defendant has or has not contracted that he will not commit an assault, does not prevent it from being an assault when committed; and does not remove the statutory provision that an action therefor shall not survive. It is an over-refinement to say that this is not an action for the assault, but is an action for a breach of an implied contract not to assault. (Gen. Stats., chap. 1, sec. 1; Morgan v. Thompson, 82 Ky., 383.)

CHIEF JUSTICE PRYOR DELIVERED THE OPINION OF THE COURT.

A demurrer was sustained to the petition in the court below, and the plaintiff, declining to amend, has brought the case to this court, insisting that the facts alleged constitute a cause of action.

The plaintiff is the administrator of Wm. Winnegar, and the defendant is the Central Passenger Railway Company. At the time of the injury complained of, the defendant was a common carrier of passengers in the city of Louisville, running and operating its street cars through its employes, upon and between certain designated streets within the city, and the appellant's intestate boarded the cars of the defendant, for the purpose of going from Fifteenth to Eighteenth street on Walnut. It is alleged that his intestate tendered the employe of the company, who was the driver, the ordinary fare, which was five cents, when the latter refused to receive it, and assaulted and struck his intestate, knocking him off the car on to the ground, where he was run over or struck by the car that the employe was then driving, and badly in-

jured, suffering great bodily pain and mental anguish from the fourteenth of June, 1885, continuously, until the twenty-sixth of the same month, at which time his intestate died by reason alone of said injuries.

That the driver was at the time in the employ of the defendant, and running the cars for the transportation of passengers by its authority, and unlawfully, and while actively in the course of his employment, inflicted the alleged injuries on the intestate. The plaintiff, as his administrator, sues therefore to recover the damages caused by said injury, resulting in the physical and mental pain as before alleged from the date of the injury up to the death of the intestate. He prays judgment, etc. The facts stated are, in substance, those set forth in the petition.

The court below seems to have regarded the action by the personal representative as an action for damages by reason of the death of the intestate, and if so, the demurrer was properly sustained. If the recovery is sought for the death of the intestate, the latter having no cause of action therefor against the company, none could survive to his administrator, as injuries affecting life were not the subject of a civil action at common law. Our statutes have enlarged the common law rule by making railroad companies and other corporations liable when death ensues to one by reason of the willful neglect of the agents or servants of the corporation; and when the party killed is not in the employ of the corporation, an action may be maintained for a less degree of neglect than either gross or willful neglect.

No question can arise under the statute in this case, as it is not alleged that the intestate lost his life or

was injured by the negligence of the employe of the company; but, on the contrary, it is averred that the injury was willfully and intentionally inflicted, and in such a state of case as was decided by this court in Spring's Administrator v. Glenn, 12 Bush, 172, and Morgan v. Thompson, 82 Kentucky, 383, no action can be maintained under the statute by the personal representative for the destruction of his intestate's life. An intentional injury, as was said in those cases, can not be said to have been the result of negligence, nor can an action be maintained for the taking of human life intentionally by the personal representative on common law principles.

The statute of this State with reference to causes of action which survive, provides: "No right of action for personal injury, or injury to personal or real estate, shall cease or die with the person injuring or the person injured, except actions for assault and battery, slander, criminal conversation, and so much of the action for malicious prosecution as is intended to recover for the personal injury; but for any injury other than those excepted, an action may be brought or revived by or against the personal representative," etc. (General Statutes.)

The intestate might have instituted an action of assault and battery against the driver prior to his death, but dying before trial, the action under the statute would not survive to his administrator; but if he had sued the present appellee, alleging its existence as a carrier of passengers for hire, and that it had undertaken for a fixed sum to transport him as a passenger from one part of the city to the other, but in

violation of its contract and its obligations to him as a passenger, the driver had thrown him from the cars, it can not be said that such an action would die with the injured party; but, on the contrary, it would survive to the administrator; and if so, the administrator can maintain this action.

The action is not for the loss of life, but for a personal injury growing out of the violation of the obligation on the part of the appellee to carry the intestate, while on its cars, to his place of destination, when paid or offered to be paid the regular fare.

The general doctrine with reference to master and servant, employer and employe, is, that when the employe committing the injury is not at the time executing the employer's business, or not acting within the scope of his employment, the employer is not responsible. If one driving the cars for the corporation should leave the car and beat or abuse one on the sidewalk, the company would not be responsible. Such an assault could not be said to have been authorized by the company, or a part of the driver's employment, nor can it be said that it was done in the course of the employment. In this case the appellant's intestate had entered the appellee's car, tendered his fare, and placed himself under the care and protection of the driver, to be carried as a passenger from one part of the city to another. It then became the duty of the driver to accept the fare, and to carry the intestate from the one street to the other, without offering him personal violence, unless necessary for his own protection, the preservation of order in the car, or the safety of the other passengers. It is a matter of contract, with obligations assumed by

the carrier, to protect and care for the passenger on his train.

Whether that contract is violated willfully and intentionally, or through ignorance on the part of the driver, is immaterial.

It is the duty of the carrier to furnish competent and careful drivers, that its passengers may be transported, without fear or molestation from either the driver or others in the car, if in the power of the driver to prevent it, unless the conduct of the passenger requires violence to be used towards him.

The doctrine is now well-established, "that the law implies a contract for the protection of the party carried from the insults and wanton interference of strangers, fellow-passengers, and the carrier and his servants, and for every violation of the implied contract by force or negligence, the carrier is liable in an action of contract or tort." (Addison on Torts, volume 1, page 33, note, and authorities there cited.)

The law makes the carrier responsible for the acts of the person in charge of the car, and who for the time has the voluntary custody of the passenger, with the implied obligation that he will exercise the highest degree of diligence to transport him safely. In Goddard v. The Grand Trunk Railway, 57 Maine, 202, it was held that the carrier was obliged to protect his passenger from violence or insult from whatever source it arises. He must use all such reasonable precautions as are necessary for that purpose. In Railroad v. Finney, 10 Wisconsin, 388, it was held that where the misconduct of the agent causes a breach of the principal's contract, he will be liable whether such conduct be

willful or merely negligent. In the case of Sherley v. Billings, a carefully considered case by this court, reported in 8 Bush, 147, it was said "that every one who commits his person to the custody and control of others has the right to expect from them the highest practicable degree of care and skill." In that case a boy about fifteen years of age was assaulted by an officer of the boat and severely injured. The suit was against Sherley and others, the owners, to recover damages for the injuries sustained. It was urged there, as in this case, that the wrong was not done by any authority from the owners, or in the discharge of any duty imposed upon the agent arising from the terms of his employment; that it was the willful and unauthorized tort of the officer on the boat. But this court held that the compensation the carrier received from the passenger is not only in consideration that it will transport him from one point to another, as may be agreed on, but further, that during the time he is so transporting him reasonable diligence will be used to protect the passenger from insult and injury. And again, "if the officers fail to use reasonable diligence in the protection of the passenger from injuries at the hands of strangers or other passengers, the contract is violated, and the carrier can be made to respond in damages."

Here the agent in charge of the car committed the wrong, and if the statements contained in the petition are true, and they must be so regarded on demurrer, the tort was of a most aggravated character, and in palpable violation of the duties incumbent on the carrier by reason of its relation to the passenger arising from the implied contract. The moment the appellant's intestate

entered the car and tendered his fare he became a passenger, and was entitled to be carried to his destination, that is, from the one street to the other. It is argued, however, that in the case of Sherley v. Billings and others, the boy injured had himself instituted the action and obtained a recovery; while in this case the personal representative is seeking to recover for the death of his intestate, viz: the loss sustained by his death. Such is not the object of the petition, and the fallacy of the argument consists in the assumption that this is an action for an assault resulting in the death of the injured man. It is not to recover for the death, nor is it an action of assault and battery, but an action in the nature of an action on the case for the injuries resulting from a breach of appellee's contract. The relation the parties occupy, the one to the other, is from the contract, and the failure to discharge the duty imposed by it may be a tort; but, nevertheless, it springs from the contract, and the action survives to the administrator. Cooley on Torts gives the case of the carrier as an illustration of the rule. "The law," says Mr. Cooley, "requires the carrier to transport with impartiality and safety those who offer. If he fails to do so, he is chargeable with a tort." (Cooley on Torts, page 91.)

It is not material whether the violation consists in putting the passenger off at a point before his destination is reached, or by insulting him, or in assaulting him; they are all plain violations of duty, for which a recovery may be had.

In this case the administrator is claiming to recover damages for the physical and mental agony of his in-

testate from the time of the commission of the wrong up to his death.

This is the distinct claim made in the petition, and we perceive no reason why a recovery should not be had if the case is made out. The fact that the injury finally resulted in the death of the intestate did not destroy the right of action on the contract, or for the tort growing out of it; for without the contract no liability would exist against the company. If Billings had died in the case against Sherley, the action would have survived and a recovery been permitted for his mental and bodily suffering previous to his death. It is true it is said in the opinion that Billings was assaulted; but it is further said that the assault was a violation of the contract between the carrier and the passenger, and for that reason the recovery below was affirmed by this court. At common law torts to the person survived, when the action could be framed in form *ex contractu*. In the case of Hansford's Administratrix v. Payne, 11 Bush, 380, the statute in regard to the character of actions that survived was considered, and it was there held that, although the statements of the petition were not sufficient to authorize a recovery for the death by reason of willful neglect, under the statute, still the administrator was entitled to recover for the suffering and mental agony of the intestate, caused by taking the poison, from the time it was administered up to his death.

In our opinion the facts alleged present a cause of action, and the judgment below is therefore reversed, with directions to overrule the demurrer, and for further proceedings consistent with this opinion.