CASE 99—PETITION ORDINARY—MAY 14.

# Wise v. Covington and Cincinnati Street Railway Company.

APPEAL FROM KENTON CIRCUIT COURT.

1. STREET RAILWAYS—LIABILITY FOR BEATING OF PASSENGER BY DRIVER.—Where a passenger on a street-car leaves the car because he is insulted and abused by the driver, and is pursued and beaten by the driver in the street, it must all be regarded as one continuous wrong, and the railway company is as much liable as if the beating had taken place in its car.

2. PLEADING—REPLY NOT NECESSARY.—In this action against a street railway company, the plaintiff alleges in his petition that he was insulted and abused by the driver while on one of defendant's cars, and that in leaving the car he was pursued and beaten by the driver in the street. The defendant, for answer, denies the allegations of the petition, and alleges further that plaintiff, without cause, abused and assaulted defendant's driver while on the car, and, continuing to abuse the driver after he left the car, the driver followed him, and the altercation took place in the street. *Held*—That the answer is but a denial of the facts alleged in the petition, and does not contain new matter. Therefore, no reply was necessary.

HALLAM & MYERS FOR APPELLANT.

Brief not in record.

O'HARA & BRYAN for appellee.

To entitle the appellant to maintain an action against the appellee for the alleged assault committed, it devolved upon him to show that the act complained of was done in the course of the servant's employment. (Shearman & Redfield on Negligence, 4th ed., sec. 152; Winnegar's Adm'r v. Central Passenger Railway Co., 85 Ky., 552; Sherley v Billings, 8 Bush, 147.)

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

The appellant, as is alleged in his petition, while a passenger on the street-car of the appellee, was insulted and abused by the driver in such a manner as caused him to leave the car, when he was pursued by the driver and beaten with an iron rod, to his great injury. The appellee, in its answer, denies the insult or the beating by the driver, and for further defense says that the appellant abused and assaulted the agent of the defendant while he was a passenger, and after leaving the car and reaching the street away from the car, abused and cursed its agent, and the latter, without the consent or knowledge of the defendant, and not in the course of his employment, left the car to resent the abuse and insult offered him by the plaintiff, when an altercation took place between the driver and the plaintiff, which is the same assault and beating complained of.

On the trial of the case, there was proof on the part of the plaintiff showing his abuse by the defendant's agent, and his leaving the car being pursued by the agent to the street or sidewalk where he was beaten by the agent as alleged in the petition. There is also testimony sustaining defendant's version of the altercation. When the evidence was through, the court below confined the jury in its consideration

of the case to what occurred on the car, and excluded all the testimony relating to the altercation in the street, to which there was an exception. This instruction was based doubtless on the idea that the second paragraph of the defendant's answer not being replied to or traversed in any way, it was an admission that the altercation took place in the street and in the manner alleged; for if it began on the car, with the driver in fault by insulting the plaintiff, or using abusive language to him when the plaintiff was not the aggressor, and then immediately pursuing him after he left the car, and beating him, it was but a continuation of the wrong begun on the cars, and for which the company would be responsible.

In the case of Winnegar's Adm'r v. Central Passenger Railway Co., reported in 85 Ky., 547, the general doctrine was recognized that the employer was not responsible when the employe was not acting within the scope of his employment, and illustrated the rule by saying that "if the driver of a car for the company should leave the car and beat or abuse one on the sidewalk, the company would not be responsible."

It is plain that such an act could not be said to have been authorized by the company, or that it was done in the course of his employment. The facts for the plaintiff here show no such state of case. If he was compelled or was justified in leaving the car on account of the abuse of the driver, and the driver followed him, continuing the abuse, or for the purpose of beating him, it must all be regarded as one continuous wrong, and the company is as much liable as if the beating took place on its car. It is the

duty of the driver to protect the passenger from insult and harm, unless the passenger is himself the aggressor, and when he insults the passenger, and then at once pursues him and beats him, returning again to his car, it is all one tort, and can not be so separated by the acts done as to relieve the company from liability. We are now only discussing the testimony for the plaintiff without regard to the proof offered by the defense. If the second paragraph of the answer, to which appellant failed to reply, contained such affirmative matter as required a reply, the instruction given was proper. The appellant says that he was insulted and abused by the driver while on the car, and that on leaving the car he was pur- sued and beaten by the driver in the street with an iron rod. This is the complaint of the plaintiff. The defendant says this is not so. You abused our agent, and assaulted him while on the car without cause, and when you left the car you continued your abuse, and the agent, to avenge the personal insult, left the car, and the altercation took place on the street. It seems to us this is but a denial of the facts alleged in the petition. It is not new matter.

The facts connected with the beating as alleged, if true, show the assault in the course of the employment, while the facts alleged by the defense, if true, show that the assault was not committed in the course of the employment. This is the simple issue connected with the additional issue as to who was in fault. If the plaintiff's version of the altercation is the true one, he is entitled to recover. If the defendant's version is correct, the verdict should be for it. The ver-

dict for the plaintiff was twenty-five dollars with the proof of the assault on the street excluded from the jury. The jury should have considered the entire proof from its beginning to its ending.

See Hoffman v. Gordon, 15 Ohio State, 215; Riddle v. Park, 12 Ind., 89; State of Missouri v. Williams, 48 Mo., 210; Cooke v. Williamson, 11 Ind., 242, as to the necessity for a reply in a case like this.

The judgment is reversed, and cause remanded for a new trial in conformity with this opinion.