## White v. South Covington & Cincinnati Street Railway Company.

(Decided November 21, 1912.)

### Appeal from Campbell Circuit Court.

1. Street Railroads—Action Against for Damages Occasioned by Assault—Instructions.—In an action against a street railroad company for damages resulting from an alleged assault, the instruction was erroneous; first, because it told the jury the conductor had a right to assault the passenger if he used abusive language; second, because it told the jury that the conductor had a right to use more force than was necessary if the passenger was the aggressor; third, because it failed to state that the conductor's acts should be governed by the exercise of a reasonable judgment under the circumstances; fourth, the words, "was the aggressor" should have been omitted and the words, "if the plaintiff first assaulted the conductor," used in their stead.

2. Street Railroads—Wise v. South Covington & Cincinnati St. Ry. Co., 17 K. L. R., 1359—Modification of.—The opinion in that case is modified to the extent indicated in the opinion.

3. Street Railroads—Measure of Damages—Instructions.—An instruction upon the measure of damages authorizing the jury to find exemplary damages if they believed the injuries were wantonly and maliciously inflicted is sustained by the authorities in this State upon the subject.

4. Street Railroads—Action for Assault by Conductor—Burden of Proof.—The petition alleging that the conductor made the assault while acting in the scope of his employment, and the answer denying this, the burden was upon appellant.

HOWARD M. BENTON and JUDSON A. SHUEY for appellant.

L. J. CRAWFORD and L. J. CRAWFORD, JR., for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Reversing.

Appellant boarded one of appellee's cars in Cincinnati, Ohio, to go to his home across the river in Kentucky; and, according to appellant, while he was going through what is known as "Taylor's Bottom," before reaching Bellevue, he belched up a part of a sardine sandwich he had eaten just before getting on the car, and threw it out of the window to his right, but, according to appellee, he vomited and threw a part of it on his seat and on the car floor. Soon after this belching or vomiting, the conductor approached him, took hold of his shoulder, shook him and told him to go to the back platform; that that was the place for him. The conductor started towards the back platform and appellant followed him and, according to his testimony, he asked the conductor what he shook him for and the conductor answered and told him if he wanted to vomit to vomit over the railing. All the witnesses testified that there were some angry words passed between them, and that the conductor struck appellant twice, breaking his nose, loosening some of his teeth and blackening one of his eyes, when, according to appellant and his witnesses, appellant had done nothing to the conductor to cause him to so treat him. The testimony of appellee tended to show that appellant's conduct and language were insulting and boisterous, and that appellant struck, or attempted to strike the conductor before the conductor hit him. We have stated only enough of the substance of the testimony to show what issues of fact were made.

The court gave the jury three instructions; the first was objected to by appellant, and the second, which was upon the measure of damages, was objected to by ap-

pellee because it allowed the jury to find exemplary damages for appellant if it believed the injuries were wantonly and maliciously inflicted upon him by appellee's servant. We have not been cited to nor do we know of any authority condemning this instruction. All the authorities in this State upon the subject sustain it. The first instruction is as follows:

"If the jury believe from the evidence, that on the 17th day of July, 1911, while plaintiff was a passenger upon defendant's car, the conductor in charge and control of said car, not in his necessary or to him apparently necessary, self-defense, assaulted, beat and bruised the plaintiff, and as the direct and proximate result thereof, the plaintiff was injured, they will find for the plaintiff.

On the other hand, if the jury believe from the evidence that the plaintiff, on the occasion in question was disorderly, or abusive and insulting to the conductor then and there in charge and control of said car, and the said conductor used no more force than was reasonably necessary to eject said plaintiff from said car; or if the jury believe from the evidence that on the occasion in question, the plaintiff himself was the aggressor, and while on the car as a passenger thereof, cursed and abused the conductor, or assaulted him, the conductor had a right to defend himself, and even though they may believe from the evidence under such a state of case that more force was used by the conductor, than was necessary to defend himself, if the plaintiff was the aggressor, they will find for the defendant."

It was the duty of appellee to use care to safely transport appellant to his destination, and to protect him from insult and injury at the hands of others or its servants. In Vol. 6 Cyc., page 601, it is said:

"* * * Therefore the carrier is liable for assault upon a passenger by the conductor in charge of the train or car in which the passenger is riding, whether the assault is in the supposed interest and discharge of a supposed duty to the carrier, or is made as the result of personal malice or desire for revenge for an affront," etc.

See also the cases of Sherley v. Billings, 8 Bush, 147, and L. & N. R. R. Co. v. Donaldson, 19 Ky. L. R., 1384. The rule above stated, of course, only applies when the assault takes place while the person is actually

a passenger, and, of course, as stated in Vol. 6 Cyc., page 602,

"If the servant of the carrier acts only in justifiable self-defense as against an assault by the passenger, the carrier will not be liable; but no provocation, consisting in mere insulting language, will excuse an assault."

In the case of St. Louis Southwestern Ry. Co. v. Jones, 39 L. R. A., 784, it is stated in effect that if a conductor uses force greatly in excess of that necessary or which would appear to a reasonably prudent person under like circumstances to be necessary, in repelling an attack made on him by a passenger, the company is liable. In the case of B. & O. R. R. Co. v. Barger, 26 L. R. A., 220, the court said, in effect, that an assault by a conductor upon a passenger is not excused or the liability of the carrier defeated by the fact that the passenger had used grossly profane and abusive language to the conductor without provocation. See also I. C. R. R. Co. v. Gunterman, 135 Ky., 438. These authorities appear to be in line with all the authorities on the subject, except the case of Wise v. South Covington & Cincinnati Ry. Co., 17 Ky. L. R., 1359. That case was appealed to this court twice and Wise was appellant both times, and this court reversed the lower court each time. A reversal was had on the second appeal because, as said by the court:

"On the return of the case the instructions given authorized an assault by the defendant's agent on the plaintiff, if he (Wise) first used indecent or abusive language, calculated to provoke the agent or excite him to the commission of the wrong, if any, complained of by the plaintiff."

This ruling is in line with the authorities above cited, but the opinion proceeded by saying that the jury should have been instructed as follows:

"For the plaintiff the jury should have been told that if the plaintiff, whilst on defendant's car as a passenger, was cursed and abused by its conductor, the company is liable; and if the abuse and maltreatment, if any existed, was continued to the sidewalk, and the plaintiff knocked down and maltreated by the conductor, the company is responsible, unless the jury further believe the plaintiff to have been the aggressor, and while on the car cursed and abused the conductor or assaulted him, either on or off the car, then the conductor had the

right to defend himself; and, further, under such a state of case, if more force was used by the conductor than was necessary to defend himself, if the plaintiff was the aggressor, the company is not responsible. This, it seems to us, presents the law of the case."

We presume that by inadvertence the court used "or" instead of "and" in the phrase "cursed and abused the conductor *or* assaulted him," or that the mistake was made by the printer. The same must be true of the omission of the word "no" from between the words "if" and "more" in the phrase "if more force was used by the conductor than was necessary to defend himself, if the plaintiff was the aggressor." The last three words, "was the agressor," should have been omitted from the phrase last copied and the words, "if the plaintiff first assaulted the conductor," inserted in their stead. As it was the jury might have concluded that Wise was the aggressor by the use of insulting language, for which the case was reversed on the second appeal. There should also be inserted for appellee, between the words "conductor" and "than" the words, "exercising a reasonable judgment under the circumstances." To this extent the above opinion is modified. From what we have said it will be seen that the instruction given in this case is clearly erroneous. Instruction number three is also erroneous and should be modified so as to conform to the views expressed in this opinion.

Appellant also claims the court erred in placing the burden of proof upon him. It was alleged in the petition that the conductor made the assault on appellant while acting in the scope of his employment, and this was expressly denied by answer, therefore, the burden was upon appellant in this respect at all events and the court did not err in the matter. We are also unable to say that the court erred in allowing the amended answer to be filed. It came rather late, but it does not appear that the lower court abused its discretion in the matter.

For these reasons, the judgment of the lower court is reversed and cause remanded for further proceedings consistent with this opinion.