OPINION of the Court, by
Ch. J. Boyle.
When this cause came on for trial at the last term, the tran'script of the record filed presented an essential variance between the deed declared on ánd that which was enrolled as having been recited upon oyer. Without deciding upon the effect of such a variance where, as in this case, the defendant had plead over to the decláration, the court, as there appeared from the transcript sufficient to warrant the presumption that the clerk had made a mistake, ‘either in transcribing the record, or in enrolling the deed recited upon oyer, thought it their duty to award, ex officio, a certiorari. The return to this process presents the record as amended in the mean , a » i» ⅛ • ,:a • • /ya *1 II time, on the motion of the plaintiff, in the court below, with a deed enrolled, comporting in substance with that declared on. The question, therefore, turns wholly upon the propriety of making the amendment in the court below.
At common law, no amendment could be made only while the proceedings wefie in paper: but by various statutes of England, still in force in this country, amendments are allowable after the proceedings are entered on record; and such things as are amendable before error brought, are amendable afterwards, so long as diminution may be alleged and ⅛ certiorari awarded. Under these statutes, every misprision of the clerk in any part of the process, proceedings or record is amendable. But it is a general rule that no amendment can be made unless there be something to amend by. In she present case, the amendment seems to have been *8 '•warranted under these statutes. In one place in the record the enrolment of the deed declared on is commenced, and a marginal note upon the record that it ought to have been recorded instead of the deed, which, by mistake, was enrolled at large. The presumption is therefore strong that the deed declared on was correctly recited, and that the enrolment of another deed was a mere misprision of the clerk. And the record, while it thus furnishes the means of detecting the mistake of the clerk, affords also a legitimate ground upon which it may be corrected.--Judgment affirmed.
The enrolment of one deed tn-iteadof another upon oyec pray - rJ, auré-ifetl in e ^urr. below ar-te» error brought