*88 OPINION of the Court, by
Ch. J. Boyle.
This is a wrjt 0f error to a lodgment upon an award. The error alleges that the judgment oa the award is m-formal. Such an objection cannot be noticed in this court: an informality in entering the judgment, is but a clerical error, which is amendable at atiy time in the court below, aud the informality complained of has in ^act been amended, as appears by the return to a certiorari awarded in this case.
The second assignment alleges “ that the award is defective, inasmuch as the submission was made to j)anjej Hálstead and John Anderson and their umpire, and the award is made bv Dame! Halstead and John Anderson only.” Though it would not have been er* ror had the umpire joined in the award, (3 Burr. 1474, 1 Bl. Rep. 463) yet it is also clear that the award by the arbitrators, without the umpire, is good : for umpire, in the common signification of the word, denotes one is to decide the controversy, incase the others cannot agree — 1 Bac. 211, letter D, title arbitrament and aw ardí,
The third assignment, in substance, alleges that it does not appear that the arbitrators took the oath prescribed bv law.
It appears from the award that they were sworn, and it must be presumed that the oath taken by them was as js required by the act of assembly,
The fourth error asserts that it does not appear from the award that the parties were present or had notice 6’<ne and place of making the award,
This objection seems to derive some pretext for its support from the opinion of this court in the casé of Shult vs. Travis, Pr. Dec. 163. But the point before the court in that case was whether it should appear from the award that copies were delivered to the parties. The opinion therefore expressed upon the question now under consideration, can be considered only as an obiter dictum, not entitled to the influence of a precedent.
It seems to the court that the law does not require t0 aPPear fr0!:a ü award that the parties were present or had notice of the time of making the award, and therefore that the objection that they cr either of them *89 Were not present or had not notice, is founded in fact dehors the award, and can only be made in the court below in the first instance.
If parries agree ⅜ that awaid ¿halt be returned and entered as the', judgment of the court at fame term at which the fubmiiTjors is entered, it ill no obje&ion to tbejudgment of that term that: one ofihe parties was not pre* ient at the re« turn and mem»
It is also assigned fur error that it does not appear that the defendant in the court below was present by himself or counsel when the award was returned and judgment entered up thereon.
. In answer to this objection, it maybe remarked, that the order of submission was made on the 27th day of the term, and that it was agreed by the parties that the award, when made out, should be returned to that term, and entered up as the judgment of the court. It was accordingly made out and returned the next day, and judgment thereupon entered, The cause stood upon the issue docket, and not being continued to a future term, but by express consent of the parties to be ended at that terifi, it was the duty df the defendant to be in court by himself or counsel when his cause was called and disposed of ; and if nót present, k was his own laches, of which he ought not to be permitted to avail himself. — —Judgment affirmed.