Opinion of ttfe Court, by
Judge Owslev.
ON the 25th of February 1805, the testator, James Speed, and John Hann, exchanged tracts of land, whereby, in consideration of a tract in Mercer county, received from Hann, the testator, Speed delivered- to Hann a tract in/Garrard, and by fui article of agree- *17 menf, signed and sealed by the parties, of that date, and containing the terms of exchange more at large, the tract of Speed in the county of Garrard is described1 to contain two hundred and seven acres, and by a stipulation contained in the articles of agreement, Speed on his part covenanted that if the Garrard tract should contain jess than two hundred and seven acres, he would pay said Hann at the rate of fifty shillings per acre, for the deficiency.
After this, and sjn the 22d of May 1805, the testator, James Speed, executed to Hann a deed of conveyance for the Garrard tract, therein describing it to contaiii two hundred and'-njne acres, more or less, and setting out the rnetes and bounds atlaige; but in this deed there is no covenant or warranty as to the quantity of acres.
Subsequent to the execution of this deed, Speed departed this life, and Hann brought an action of covenant upon the articles of agreement, against his executors.
The declaration sets out as much of the covenant as is necessary for the-purpose of the action, and contains an allegation averring the Garrard tract which Speed gave in exchange, to contain bat one hundred and ninety-three acres, instead of two hundred and seven acres, the quantity stipulated for by Speed in the arti-1 clcs of agreement.
Covenants performed, was pleaded by one of the executors, and by an agreement of the parties, he was a!lowed to avail himself, in defence, of any matter which might be regularly pleaded.
Upon the trial, the articles of agreement were react in evidence to the jury by’IIann; and after be had proved the deficiency in the quantity of acres, as charged in his declaration, the executor read in evidence, the deed of conveyance which was executed by the testator for the Garrard tract, and to which reference has been already made, and moved the court to instruct the "■jury, that if they were satisfied from the evidence, that the deed of conveyance was for the same land in the original article ofagreement mentioned, and the plaintiff (Hann) received said deed,- that the original contract v/as merged in said deed of conveyance, and that the plaintiff’s right of action, if any, would growoutof the1 deed of conveyance, and that he could not recover *18 the original contract; and also, to instrnct the jiiry5 that the deed from James Speed, the testator, for two hundred and.nine acres of land, before referred to, supported the .pica of covenants performed; and, moreover, to instrhct'thc jury, that if they gave interest, they should not'go’further back in their calculations, than the date of the writ-; but the -motion was overruled, and each of the instructions, as asked, refused by the court.
(1) Judgment against exec-nto.rs °" u“;. their testator must bo ile -FisI1^xridfiít^1"dé bonis'propriis 'ji will tor that error be ro-verse — rg.
(2) If, pirnd-inga writ of ■error,a judg-Sly amended in the court below, the or-tod win°not" afterwards a-vailintbeap-peltate court,
(3) „„ .» cannot, reot-ify an error-in rendei-iiig ^ ter the endof the term.
(4) A clerical Mtering^a111 judgment, npay be a-writ' of error 6ucd out.
A verdict was found by the jury in favor of Hann, and judgment da bonis.f ropriis entered against (he executors. To reverse that judgment, the executors Rave prosecuted this writ of. error with supersedeas,
(1) The judgment was, no doubt, incorrectly entered against the executors. The suit was brought against them upon the covenant of their'teslalor, and in strict propriety the judgment ought to have been entered da /iowfs 'íesío.íoí'fs-, and not da bonis'propnis. if, therefore, the judgment now stood as it was originally entered, we should have no hesitation in reversing it.
(2) 13□ t the judgment does not remain as it was -¿,¡.jg¡nfl.]jy entered» ISince the writ of error was sued hbt iff this'caso, Hann applied to the court b'clovv, and obtained hn'order'co'rrecting the error, and the judgment now stands correctly in that court, against the executors de'bonis lestatoris. So that unless, as was contended in argument, it was incompetent for the court to amend the judgment, the irregularity in the entry first ma^e must be adjudged unavailing in this court,
(3) Were the irregularity in entering the first judgment admitted to be an error in the judgment of the ¿ourt, it would follow as a necessary consequence, that 'Rlc court below possessed no competent authority to make the amendment; tor that amendment was made at a term subsequent to that at which the-original judg-.ment was entered; and no principle is better settled, an(^ 110110 more amply supported by authority, than that which forbids courts amending or correcting errors in their o.wn judgments, after the lapse of the term in which they were rendered.
(4) But if, instead of being an error in the judgment of the court, the irregularity in entering the first judgment be a clerical misprision, the principle is equally we^ s°Rlcd,,that it is amendable by the court of or.j-ginal jurisdiction, though a writ of error be su'ed out to the judgment in. this court.
(5) The on try, ofajudgmeut “Lj? ought to be de bonis tes-clerical prisión,'‘and.
(6) The deed conveyingland'is'oPiL ofgreaterdigni-therefore»., they do pót merSeinit;
(7) A covenant contained in an a-greement for Ince^of °a” tract of land, to pay for ja^oiVcc? ¿iif tyfisndt'pcr-formed1 by thelarfo^dc-scribing it to contain, that ¿¡^notin’faci contain..it. '
(5) And that the-, error in entering the judgment must be ascribed to the mistake, of the clerk, apd as such. amendable, is. full-y established by. the case.of Short,vs. Coffin’s executor, 5< Burrow. 27 30> Th&t was. a case in which the judgment had been entered against the executor de bonisprapáis, and after a writ of error.had been brought, and in nvlio cst erratum pleaded,, and, argument-,, the judgment was amended by making it de bonis testatoris.
Whilst delivering the op.mion.. of the.court, Lord Mansfield observed, that “this is not-an er.ror in judgment of the court in point of law, but a. mere mistake of the clerk;” and in support of that opinion, re-., forred to a case in ^Levi. 22^. where the same principle, had been.a.d.opted,.
Having disposed of the objections taken to the.mans, ner ip which thjg judgment was entered? we shall -notice the questions which were made in the court below, on. jhe motion of the executor for instructions to the jury.
(6) That the court was correct in refusing to give the first branchof the, instructions-asked* is .too obvious to require elucidation by argument^, T.he clyed conveyance is an instrument of no greater dignity, in contemplation of law, than the articles of agreement which were signed, sealed and delivered by the parlies; aud it is. utterly incompatible with the established doctrine of .the law, to suppose that onejnstruraent of yv.ri-. ting could, be .merged in another, of the same dignity, or that.by receiving. the deed of .conveyance, which, contains no covenant or warranty as to the quantity of acres, any.righl of action which .may have accrued Mann upon the stipulatioa.lor quantity, in the articles of.agreement, coul-á he made to grow ou;t of the deed of conveyance. f'
(7) Nor can we admit that the. court,erred-in. refusing to. instruct the. jury that .the execution of the d.eecl of conveyance by Speed, was such á compliance, with the stipulations.of the articles of agreement, as tqsupport the plea, of covenants, perforated-. The, execution of that deed was, no doubt, a performance of the .stipula: tion of Speed, contained .in the article's of agreement, tq convey the Garrard tract; bat the..quantUy. of. acres conveyed, is proved to be less, than the quantity sold, and it is impossible to perceive how the execution.of ,a ijced. for .& lesa quantity, can. have performed the cover, *20 nant contained in the article, to pay for the deficiency in tbe quantity.
[8] Interest, from what ^ comT)u^dbe
Hoggin, for plaintiffs; Crittenden, for defendant
(8) And with respect to the refusal of the court to instruct the jury as to the calculation of interest, wo have been incapable of discerning the principle upon which counsei °f the executors can have predicated h'is hopes of success,. If, in point of fact, the quantity of acres in the Garrard tract is less than two hundred and seven, there was such a breach of the covenant of Speed for quantity, as would have authorised a recovery long before the date of the writ, and of course the timo of suing out the writ cannot fix the date to which the jury should have been confined in making their calculation.
The judgment must, therefore, be affirmed with costs and damages.