CHIEF JUSTICE WILLIAMS
delivered the opinion op the court:
The petition shows the credits for eighty dollars and fifty dollars not mentioned in the judgment. It was, therefore, a clerical misprision, because the judgment could be amended by the record, and no appeal for this correction can be entertained until motion in the court below for that purpose. (Dodd vs. Combs, 3 Met., 29.)
The return of the officer is “ executed August 24, 1868, by delivering a true copy of the within to John Long.” On judgment by default, this court cannot presume that there were other John Longs in the county than the defendant. One John Long was the defendant, the writ was served on one John Long, and when he puts in no defense, this court will presume that he was the identical John Long sued; but more especially when he appears, as. in this case, and moves the court to quash the return because it was made by an officer other than the one to whom it was directed.
A more serious question, however, is raised by this record — that is, as to the validity of the return, as the summons was directed to the sheriff and executed by a constable.
By section 66, Civil Code, it is provided, on actions brought in the circuit courts, that “ the summons shall be directed to the sheriff of the county, or, at the request of the plaintiff, to the jailer, coroner, or constable.”
Section 73 provides that the summons may be served by the officer to whom it is directed, or by any officer to whom it might have been directed, whose return thereon shall be proof of the time and manner of the service.
As was said by this court in Boaz vs. Nail (2 Met., 245), “ the effect of these provisions of the Code is to confer upon the plaintiff in an action the unlimited right to have *355 his original process directed to and executed by either the sheriff, jailer, coroner, or a constable, at his own mere option.”
By the second sub-division of section 73, the officer to whom process is directed, by indorsement on the summons, may authorize any person to serve it, whose affidavit shall be proof, &c.
It is evident that it was intended to make the return of the officers to whom it might have been directed evidence, instead of their affidavit. As they would be acting under official oath, their return should have the same weight as that of the sheriff.
The process being directed to the sheriff, it is presumed to have gone to his hands, and for some reason he handed it over to the constable to be served, which he had a clear legal right to do, either to one of the named officers or to a special bailiff. If the sheriff or plaintiff should hand the process to one of the officers named in section 66, no special authority need appear'on the summons, nor affidavit of the manner of its execution, the return alone being sufficient evidence that it was in such. officer’s hands, and how he had served it; a great object being to facilitate the execution of process, and to simplify the evidence thereof.
We think the language aptly and clearly expresses the object of the Legislature, and means what it literally imports — that is, any officer to whom the process might have been directed may execute it, and his official return shall be sufficient evidence of the manner of its service.
Wherefore, the judgment is affirmed without damages, no supersedeas appearing.