## Paducah & Illinois Railroad Company v. Albritton.

(Decided February 23, 1917.)

### Appeal from McCracken Circuit Court.

1. Appeal and Error—Rules.—Under rule 7 of the Court of Appeals, the record of a former appeal, or a record in this court which has been made part of a record in another case, but not copied into the transcript may be placed with a new record and sent out with it. But the record of another case in this court not coming within either of the above classes, is not within the rule.

2. Appeal and Error—Rules.—For convenience and the dispatch of business appeals may be placed together when they present the same or similar questions, but this will only be done upon a showing and upon order of court. This right is not granted by rule 7.

3. **Appeal and Error—Schedule—Dismissal.—Where a schedule for a partial transcript of the record is filed in the circuit clerk's office more than 90 days after the appeal was granted, an appeal will be dismissed.**

WHEELER & HUGHES for appellant.

D. G. PARK for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SETTLE— Overruling motions and dismissing appeal.

This case is submitted (1) upon appellant's motion to direct the clerk of this court to place with the record of this appeal, the records now in this court in the appeals of Yancey v. Rieke, Trustee, and Fowler v. Paducah & Illinois R. R. Co., being cases 38 and 39 on the September, 1916, docket; (2) upon appellant's motion to consolidate this action with cases 38 and 39, above referred to; and, (3) upon appellee's motion to dismiss the appeal.

1. Rule VII. of this court reads as follows:

"When the record of a former appeal in the same cause is necessary to the decision of a subsequent appeal, or when a record already in this court is made part of a record in another case, and not copied into the transcript, the attorney for the appellant must see to it, on pain of having the appeal dismissed, that such old record is placed with the new record before the cause is submitted."

The rule refers, first, to records of former appeals in the same cause; and, secondly, to those cases where a record already in this court is made a part of a record in another case, and not copied into the transcript. In either case the old record may be placed with the new record and sent out with it.

It is clear that this motion is not within the purview of the rule, since all the cases are new cases, and neither of them was an old case and made a part of a record in another case, within the meaning of the rule. To save costs, Rule VII. contemplates the using of an old record upon the second appeal of the same case, or an old record already in this court which has, in the circuit court, been made part of the record in another case, but not copied into the transcript. But the motion now made proposes to apply the rule to several new cases, which do not come within either class of cases covered by the rule.

This motion is overruled.

2.　We learn from the briefs that appellant's second motion is predicated upon the idea that this case and cases 38 and 39 above mentioned, were heard together in the circuit court, upon testimony which is copied in one or both of those records, but none of which is in the record in this case. There is nothing in this record showing any such state of fact, or that this case was heard upon proof taken in any other case. While it is true the judgment recites that Albritton's attorney submitted a judgment to the court "to be approved and filed in these consolidated actions," there is no reference, by caption or otherwise, to any specific cases that were consolidated. Properly speaking, the motion of appellants should have been a motion to hear the cases, together, rather than to consolidate them.

Furthermore, while appeals may for convenience and the despatch of business be heard together when they present the same or similar questions, it will only be done upon a showing and upon the order of court; the right is not given by Rule VII., *supra.*

There being no showing that the appeals named in the motion should be heard together, the motion to consolidate them will be treated as a motion to hear together, and overruled.

3.　The judgment appealed from was rendered June 24, 1916; the appeal was that day granted by the circuit court; and the appellant filed in the circuit clerk's office a schedule for a partial record on November 16, 1916, more than 90 days after the appeal was granted.

Appellee's motion to dismiss the appeal will have to be sustained upon the authority of subsection 4 of section 737 of the Civil Code, as construed in Nelson County v. Bardstown & Louisville Turnpike Co., 24 Ky. L. R. 2056, 72 S. W. 1104, and Stidham v. Lee County, 159 Ky. 192.

Appeal dismissed without prejudice.