## Francis v. Sturgell's Executrix et al.

(Decided March 9, 1934.)

SAM SPARKS for appellant.

DYSARD & TINSLEY and ELLA JAY STURGELL for appellees.

OPINION OF THE COURT BY HOBSON, COMMISSIONER—Affirming.

On January 5, 1931, J. D. Sturgell's executrix filed her petition in the Boyd circuit court against Marian Francis and others to recover on a note for $2,150 subject to certain credits and to enforce a mortgage securing the note. On January 5, 1931, judgment was entered in favor of the plaintiff as prayed in the petition. On September 26, 1931, Marian Francis brought this action in equity alleging these facts: After the judgment was entered there was an express agreement between him and the executrix' attorney, Ella Jay Sturgell, to the effect that all the evidence of payments theretofore made by him should be submitted to the judge of the circuit court and credit given on the judgment for all amounts that the judge should decide from the evidence had been paid by Marian Francis. On the faith of this agreement he replevied the judgment and began to gather up his evidence of payments, and had found that he had paid different sums, aggregating in all $1,100, on the note, for which no credit had been given; but the attorney refused to keep the agreement and refused to allow the evidence to be submitted to the judge. The agreement was verbal and made in the presence of witnesses on the same date that the replevin bond was given. This was the second time the agree-

ment was made. The first time was immediately after the judgment was entered, and was made in consideration that no effort would be made to set the judgment aside. He prayed that the judgment be opened and that he be credited by the amounts claimed. An injunction was granted restraining the collection of the judgment. An answer was filed denying the allegations of the petition on July 31, 1931. On September 26, 1931, the case was submitted and judgment was entered dismissing the petition. The record then consisted simply of the pleadings above referred to and the affidavits which had been filed on the motion for the injunction. No other proof appeared in the record. Marian Francis appealed to this court on April 6, 1932, filing a copy of the record as it was submitted to the circuit judge. On September 12, 1932, appellant filed notice of motion to file a supplemental transcript by depositions filed with the clerk and not copied in the record. Appellee filed motion and notice to submit and affirm the judgment. The appellants' motion to make part of the record the depositions not certified in the record was overruled, and the appeal was submitted.

On the motion in this court to file a copy of the depositions, the appellant files the affidavit of Laura Q. Fannin, who states that she is a regularly qualified notary public of Boyd county, and that she took the depositions on May 21, 1931, and filed them in the office of the clerk of the Boyd circuit court during the first part of the week following the taking, and that she did this in person. On the other hand the affidavit of Edgar H. Phipps, clerk of the court, is filed stating that there has never been, and are not now, any depositions filed in this action in his office, and that the transcript is a correct and complete copy of the entire record in the case. No other affidavits are filed. The burden of proof was upon the appellants to show that the papers were filed. This court cannot assume that the circuit clerk has certified falsely. The burden of proof is upon the appellants. The clerk certifies that the transcript is a complete copy of the record. By section 3760, Ky. Stats., it is provided that, unless in a direct proceeding against himself or his sureties, no fact officially stated by an officer in respect of a matter about which he is required by law to make a statement in writing shall be called in question, except upon the allegation of fraud in the party benefited thereby or mistake on the part of

the officer. There is nothing here shown to take the matter out of the operation of this statute.

This court has only appellate jurisdiction. It can only review the case as it was tried in the circuit court. If by some mistake or accident a part of the record was lost and not presented to the circuit judge when the case was tried, relief may be had upon application for a new trial in that court under the provisions of the Code (Civil Code of Practice sec. 340) upon a proper showing.

Judgment affirmed. .