## Allen v. Wigginton.

February 1, 1949.

Robert Bibb Hardison, and Guy C. Shearer for appellant.

Davis, Boehl, Viser & Marcus for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

Mrs. Margaret Wells Allen, plaintiff below, is appealing from a judgment on a directed verdict in favor of Miss Carrie Leigh Wigginton. It was the view of the trial judge that the oral contract relied upon by Mrs. Allen comes within the Statute of Frauds, KRS 371.010(7), because the duties performed by Mrs. Allen were not performed within one year.

The appellant and the appellee, who were first cousins, entered into an agreement under which Miss Wigginton was to purchase a house in Louisville which Mrs. Allen was to operate as a rooming house. The house was located on Third Street, almost directly across the street from the appellee's home. Mrs. Allen and her family moved into the property in October, 1941. She lived there and operated a rooming house for 31 months. Mrs. Allen charged that she was to receive a rent free apartment and $50.00 per month for running the rooming house, and that Miss Wigginton was to pay all of the expenses for the operation of the house. She charged also that she had made repeated demands on Miss Wigginton for the amount due, but no payments had been made, and that there was a total of $1,891.50 due her, including an item of $341.50 for laundry.

Mrs. Allen offered proof in support of her theory of the case. She said Miss Wigginton had frequently stated that she was not in a position to "pay it right now," referring to the $50.00 per month, and that the reason she stayed in the house for 31 months was because of the critical housing shortage. Miss Wigginton's proof showed that the original agreement was substantially as alleged by Mrs. Allen, but that the agreement as to the

$50.00 per month was not to become effective until she had been able to pay off some of the debts incurred in the purchase and equipping of the rooming house. She said also that all the debts had not been satisfied when Mrs. Allen moved. No statement was made by either party as to the duration of the agreement. It may be that the parties intended that it should last for some time. However, either party was free to terminate this arrangement at will.

We do not think the contract was one which comes within the Statute of Frauds. KRS 371.010(7). The arrangement created something in the nature of a landlord and tenant relationship, running from month to month. As said in Finley v. Ford, 304 Ky. 136, 200 S. W. 2d 138, a contract terminable at the will of either party and which may be performed by termination within one year does not come within the Statute of Frauds. In Williamson v. Stafford, 301 Ky. 59, 190 S. W. 2d 859, it was said that, if a contract may be performed within a year from its making, the inhibition of the Statute of Frauds does not apply, although the performance of the contract may have extended over a greater period of time.

We think the question was clearly one for the jury. There was an agreement between the parties under which Mrs. Allen was to operate a rooming house owned by Miss Wigginton, but there was conflicting proof as to the payment of $50.00 per month by Miss Wigginton to Mrs. Allen. While there was a claim for an item of $341.50 for laundry, Mrs. Allen's proof failed completely to show that there was a contract under which she was to be paid for performing this service.

For the reasons given we think the judgment should be and it is reversed, with directions to set it aside and for proceedings consistent with this opinion.