# Louisville & N. R. Co. v. Paul's Adm'r (three cases)

January 23, 1951.

As Modified on Denial of Rehearing Dec. 8, 1950.

Further Petition for Rehearing Denied Jan. 19, 1951.

Wm. H. Field, Judge.

Sims, C. J., and Helm, J., dissented.

474

H. T. Lively, J. P. Hamilton, J. L. Lenihan and James P. Helm, Jr., for appellant.

Henry L. Brooks for appellee.

JUDGE LATIMER—Sustaining motion and affirming judgment.

The appeal is from judgments in favor of the Administrator of the estates of George W. Paul for $20,000 and of his young son, George Robert Paul, for $2,000 for their respective deaths, and in favor of the guardian of William Edward Paul, another son, for $3,000 for personal injuries, all of which were suffered when a truck in which they were riding was struck by a train on a public crossing near Coral Ridge, about ten miles south of Louisville. The cases were tried together as one.

We first heard of the case in a petition in this Court for a writ prohibiting the trial judge from certifying and approving, or rather recertifying and again approving, a bill of exceptions. It is charged in that petition that the original certification and order filing the bill are void because there was no such document in existence at the time, the official stenographer and the court having merely signed the certificate and order filing the same in anticipation of the record being made; that the court had overruled the plaintiff's motion to cancel and vacate the order and purposed to execute a recertification and make another order filing the bill after the time allowed for doing so had expired. The petition sought to prohibit that future action. A temporary writ issued. While that case in this Court was being developed, the record for the appeal with the bill of exceptions bearing the original certificate was filed. The appellees have filed (1) a motion to strike the bill because the court was without jurisdiction to file it since it was not tendered within the time allowed by the Code and previous orders of the court, and (2) another motion to consolidate the cases, the obvious purpose being to have this Court consider the evidence taken in the prohibition case in support of the motion to strike the bill of exceptions. The appellant objects to both motions. If that evidence be

not considered, then the motion to strike must be overruled, for on its face the record is regular in respect of the existence of the transcript at the time and the timely certification, approval and filing. The presumption of regularity must prevail. Avery v. Davenport, 300 Ky. 865, 190 S. W. 2d 663. Verity is imported to such a degree that the certification can be questioned only for fraud or mistake. However, in its finality it would be a most ridiculous position to presume regularity here when we know, through the procedure before us to obtain the writ of prohibition, that the bill of exceptions was not in existence at the time of the approval and filing of the certification, a fact which is not and cannot be denied.

We have no specific rule with reference to consolidating cases or hearing them together, but it is often done. Rule 1.230 deals with records or prior appeals or other records already filed in this Court when made part of the record in another cause in the circuit court but not copied into the transcript of that other case. Paducah and Illinois R. Co. v. Albritton, 174 Ky. 270, 191 S. W. 879. But we take it to be an inherent power to consider together pending cases which have grown out of the same cause and are between the same parties where the ends of justice in the administration of the law demand it. It was written long ago in National Bank of Monticello v. Bryant, 13 Bush 419, 76 Ky. 419:

"This and every other court will take judicial notice of its own records as far as they pertain to the case in hand, but will not take notice in deciding one case of what may be contained in the record of another and distinct case, unless it be brought to the attention of the court by being made a part of the record of the case under consideration."

See also Maynard v. Allen, 276 Ky. 485, 124 S. W. 2d 765. It is true, the prohibition case is against the trial judge, who filed no response whatsoever. But, it will be noted that this appellant intervened as the real party in interest and became the sole respondent. To decline to consider that record in connection with the motion to strike the bill of exceptions would be to let an extreme technicality of practice prevail over the practical, and but cause the parties to retake the evidence, for we would be impelled to authorize that it be done in support of the motion to strike the bill of exceptions. The re-

ception of evidence aliunde in support of such a motion where the official certification of a circuit clerk is challenged upon the ground of fraud of the party benefited or mistake on the part of the officer, KRS 61.060, has been recognized. Bingham v. Anderson, 199 Ky. 680, 251 S. W. 973. That is the real basis of the motion to strike the bill, though there is no suggestion of fraud or wrong doing on the part of the defendant in the case. It is only a technical fraud. The contention is, in reality, that through the failure of the official stenographer, who it is argued was the agent for the attorney for the defendant in this transaction, and the trial court to follow the procedural law as laid down in the Civil Code of Practice, the court was led into the mistake of attaching a certificate of approval and entering an order filing a nonexistent bill of exceptions. We are of the opinion, therefore, that it is right and proper that we hear or consider the cases together and accept the record of what transpired in considering the motion to strike the bill of exceptions.

The facts are not in dispute. By an order of extension the Railroad Company was given 120 days in which to prepare its bill of exceptions. It is claimed that the official reporter had a great deal to do in the intervening period, during which the court was in summer vacation. The record shows, however, that the reporter left the latter part of June for his summer home in Michigan and did not return until the middle of September. Attorney for defendant below insists that he was diligent and very persistent in his effort to see that the record was prepared, and that the reporter continued to assure him the record would be filed in due time, which in fact is an acknowledgement that he knew it was his responsibility to see that bill of exceptions was filed in time. The reporter had transcribed a portion of the record, when he learned that the time for filing was nearly up, which would be on September 29th. He then prepared his certificate of accuracy and completeness of the record and another reciting the approval of the judge and a draft of the order filing it. The reporter signed his certificate and presented the paper to Judge Field, telling him what it was and asking him to sign it. Without comment, the Judge, who is blind and has been for several years, though continuing his long and eminent service on the bench, signed it. At that time the certificates were not attached to the incomplete tran-

script and it was not presented to the court. A deputy clerk of the court stamped the paper as filed. It is as follows:

"Came the defendant, by counsel and tendered to the Court its Bill of Exceptions, and Transcript of Testimony and Carbon Copy thereof, and moved the Court for an order filing same.

"The Court having duly examined, certified and approved same, and the Hon. Wm. H. Field, Judge of this Branch and Division having signed said Bill of Exceptions Transcript of Testimony and Carbon Copy thereof, it is now ordered by the Court that same be and is hereby ordered filed and made a part of the record this action without being spread at large on the order book of this Court."

This was entered three days before the expiration of the time for filing the document. The court signed the order book the next day. None of the attorneys in the case was present or had any knowledge of any of these things.

An entry was made in regular course on the rule docket showing that the bill of exceptions had been "signed and certified and filed as of September 26, 1949." The attorney for the defendant claims that he relied upon this official record and its verity, and but for that order, he would have, as he testified, protected his client and himself by preparing a bystanders bill and tendering it in time. Section 337, Civil Code of Practice; Helm v. Hoke Co., 173 Ky. 525, 191 S. W. 269. As a matter of fact, it was not until after this Court had issued the temporary writ of prohibition above mentioned, which was on October 24th, that the reporter completed the transcript and bill of exceptions. On November 3rd he affixed the two pages containing his own and the Judge's certification and approval previously signed, placed the whole within the manuscript covers which had been previously stamped as having been filed in open court on September 26th. Meanwhile, on October 21st, the plaintiffs had moved the court to vacate the order of September 26th on the grounds appearing herein, and that was overruled. This is alleged and admitted in the writ of prohibition case but the record in the case on appeal contains no reference to such action and

there is no such motion or order in either record. The plaintiffs immediately resorted to this Court for the writ of prohibition. The record for the appeal was filed in this Court on November 15th.

The reporter testified he was not positive but was of the impression that he did not disclose to the Judge that the record was not complete or that he was signing a paper not attached to it. Judge Field testified that he didn't think he knew that fact, but added, "I will say that I don't think that would have made much difference had I known it. I don't recall that I did know it was just a skeleton." He stated that his official reporter had been very busy in recent years; that no doubt he had signed skeleton bills; and that there had never before been any objection or difficulty arising from the practice. Furthermore, in relation to overruling the motion to vacate the order filing the bill, he stated:

"Here was a large verdict against the Louisville & Nashville Railroad Company. They had prayed an appeal to the Court of Appeals, which had been granted. They had been given, I believe, the full time—one hundred and twenty days—to prepare a bill of exceptions and perfect the appeal. I had never had any objection in any similar matter, and as far as I know, I had never thought about it. If I had known definitely at the time this was presented to me that it was a skeleton and that we were within a few days of the time limit, I think I would have followed my general practice and philosophy and signed it anyhow, and, as we are doing, I would have left the Court of Appeals to face the problem."

Thus, we are presented with the case where it must be said as a matter of fact that the Judge, because of his infirmity, unknowingly approved and ordered the filing of a nonexistent bill of exceptions. We have a remarkable parallel and coincidence in Helm v. Hoke Co., supra, 173 Ky. 525, 191 S. W. 269, decided thirty-five years ago. The same Judge Field had presided at a trial and the father and partner of the present official reporter, Emory Graham, had reported it. Within the time allowed for filing a bill of exceptions, an order was entered reciting that the transcript of evidence was filed with and made a part of a bill, when, as a matter of fact, the transcript had not been made because of the fatal illness of the reporter. After his death, the losing party obtained an

order of the court permitting him to file certain affidavits and depositions in lieu of the stenographer's transcript of evidence. This Court was impelled to strike the substituted documents. There too was a skeleton bill of exceptions with an essential part nonexistent, except in the form of stenographic notes. There is a difference, however, in that in the Helm case the transcript was never in fact made while here we have incorporated the afterwardly prepared transcript, which was referred to in the premature approval and order filing it. In Noel v. Noel, 310 Ky. 864, 223 S. W. 2d 93, the reporter informed the attorney long in advance that it was unlikely he would complete the record in time, yet the attorney did nothing to protect his client; thus that case is distinguishable.

Appellee submits that the appellant may not escape the consequences, for its attorney delegated to the reporter the duty of preparing the bill and filing the same, and is bound by the reporter's knowledge and act, which squares this case with the Helm case. True, the official court reporter is a statutory officer of the court, subject to the control and discretion of the judge. KRS 28.410 et seq. Sebree v. Rogers, 102 S. W. 841, 31 Ky. Law Rep. 476; Marks v. Graham, 2 Ky. Law Rep. 222, 11 Ky. Opin. 27; Walker v. Burgevin, Judge, 220 Ky. 690, 295 S. W. 997; Livingston County v. Crossland, 229 Ky. 733, 17 S. W. 2d 1018. In the performance of the duties imposed upon the reporter by law, the character of the office is no different from that of the clerk or other recognized officer of the court, and a party has the right to rely upon the proper performance of those duties. Sebree v. Rogers, supra, 102 S. W. 841, 31 Ky. Law Rep. 476. The stenographer takes notes of the evidence and transcribes them under order of the court. The statute provides that "the original shall be filed among the papers to be used in making up the bill of exceptions to the Court of Appeals," the carbon duplicate being filed with papers to remain in the office of the clerk of the circuit court as a public record. KRS 28.430, 28.470. The Civil Code of Practice, Section 337, declares that no particular form of bill of exceptions is required, but it seems to be contemplated that the attorney for the litigant shall prepare the bill of which the stenographer's transcript will be made a part. Section 334. It seems to be a common, though irregular custom, in the Jefferson Circuit Court

—different from the practice followed in every other court in the state—for the attorneys not to prepare a separate bill but to have the stenographer include in his transcript the instructions, argument of counsel, and other matters not within the official duty or responsibility of the stenographer to record. However, when that is done, and the transcript has been approved by the trial judge, it may be used as a bill of exceptions. Rybolt v. Futrell, 296 Ky. 158, 176 S. W. 2d 269. The loose and lazy practice is made worse by the further long-prevailing custom, at least in this branch of the circuit court of Jefferson County, as is shown in this record, of having the official stenographer file the same, sometimes without submission to the attorneys, and having the order entered. In other words, he practices law for the attorney. This is wholly outside the official duties of the stenographer.

It cannot be said that it is the judge's duty to see that a bill of exceptions is filed, nor is it the duty of his official reporter. The Court granted appellant 120 days within which to file the bill of exceptions. This extension of time was granted appellant, not to the official reporter for transcription of his notes. Under the Civil Code of Practice it was the appellant's duty, if the appeal was prosecuted, to file the bill of exceptions, and within the prescribed time. We have held in numerous cases that where a party chooses the Postal Department to transmit appeals to the Court and through delay in the mails same is not filed within time, the appeal must be dismissed because the party merely made the Postal Department its agent; consequently, the delay occasioned by the Postal Department was the delay of appellant. Here the duty was imposed upon the party timely to file its bill of exceptions. Instead of so doing, it chose to adopt the method of having the entire record transcribed, which it proposed to use as a bill of exceptions. It must be borne in mind that the subject of discussion here is the bill of exceptions. Attorney for appellant states that had he known the true condition he would have prepared a bystanders bill, an admitted recognition of responsibility of preparing the bill and seeing that same is filed within the prescribed time. By its action here, it constituted the reporter its agent for the filing of the bill of exceptions, as much so as the Postal De-

partment becomes the agent of the party in transmitting a record to the office of the Clerk of the Court of Appeals.

Appellant insists that the court must give due regard for its unquestioned good faith reliance upon the verity of the judicial record that the bill was in fact approved and filed, else the stability of such records upon which "the rights of property and the safety of society rests," Staverson v. Kentucky Utilities Co., 216 Ky. 309, 287 S. W. 890, 891, will be destroyed. It cites us to the many cases in Annotations in L. R. A. 1917C, page 1193, under the caption, "Reliance upon clerk or judge for information as to time of trial or hearing as ground for relief from judgment" and in Gardner v. Price, 199 Miss. 809, 25 So. 2d 459, 164 A. L. R. 532, 537, under the title "Misinformation by judge or clerk of court as to status of case of time or trial or hearing as relief from judgment." What appellant says would be true were it the official duty of the court reporter to prepare and file bills of exception. The above cited cases, as the titles of the compilations indicate, deal with the right of a litigant to have a new trial. Many of the recited acts or omissions would undoubtedly come within grounds laid down in Sections 340 or 518 of our Civil Code of Practice. See McCall v. Hitchcock, 9 Bush. 66, 72 Ky. 66. But this is not a proceeding for a new trial. We are dealing here with judicial procedure.

We do not regard this as an attack upon the order, but upon what the order recites was filed. The court did not and could not approve any bill of exceptions, for there was none in existence. Suppose the appeal had been filed the next day with the Clerk of this Court. Obviously, there would have been nothing to go along with it. Let us look at it from another angle. Suppose appellee, pursuant to Civil Code of Practice, sec. 741, and under the authority of Lamar et al., on Petition, 229 Ky. 258, 16 S. W. 2d 1045, in order to hasten the trial of the appeal taken by his adversary, had filed an authenticated copy of the record in the Clerk's Office of the Court of Appeals at any time after the expiration of the 120 days, which was September 29th, and before November 3rd, which was the day the transcript of record and bill of exceptions was actually incorporated in the record. What would we have before us? We would have the certification but no bill of exceptions. Certainly, this

Court would not permit the appellant to "wheelbarrow" into this Court a record which was not in existence at the time the appeal was filed. The mere fact that appellant, or the reporter of the court, "wheelbarrowed" same into the record after the court below had lost jurisdiction of the case does not change the situation. The fact remains that the bill of exceptions was not filed. The responsibility to see that same was done rested on none other than appellant. So, it must be said that what is now brought here is not an approved bill. The trial court and its attaches were without jurisdiction to file the transcript subsequently prepared after the expiration of the 120 days allowed. KRS 451.150; Nicholas v. Hook, 289 Ky. 406, 158 S. W. 2d 971.

We call attention to Knecht v. Louisville Home Telephone Co., 121 Ky. 492, 89 S. W. 508. A formal bill of exceptions was but a skeleton. It read: "The plaintiff offered the following testimony: (Said testimony will be found in the stenographer's transcript of testimony.)" The defendant's testimony was included by a similar reference. The bill was timely approved by the court, and it was filed by an order. Several months later the court, upon motion, filed the stenographer's transcript. This Court sustained a motion to strike the transcript upon the ground that it had not been made a part of the record by an order entered while the court had jurisdiction of the case. It was written:

"The usual practice is to file the stenographer's transcript of the evidence with the bill of exceptions, and in the bill of exceptions to simply refer to the transcript as containing a statement of the testimony of the witnesses and the exceptions to the testimony. But it cannot be tolerated that a bill of exceptions may be filed within the time allowed which contains no part of the evidence given on the trial, and that then at a subsequent term, when the court has lost jurisdiction over the case, a transcript of the evidence may be filed and made part of the record. The purpose of the provision of the Code is to require bills of exceptions to be made up promptly while the facts are fresh in the minds of the court and the parties concerned, so that they may be made up correctly. If the practice were allowed which was followed in this case, the purpose of the statute would be entirely defeated, and there would be no limit to the time

for filing a bill of exceptions. Such a practice would be attended with grave evils which it was the plain purpose of the statute to prevent."

The full credence given to the certification and approval by the trial judge of the bill of exceptions rests upon the presumption that he knows what it contains and sanctiones it as a true and correct statement of the evidence heard, rulings made, instructions given and other things that occurred during the course of the trial. The same is true as to the acceptance of the date endorsed on the record as that upon which the document was approved. When it is shown that the record is not correct and not true and that a document has been approved as complete and filed in court, when, as a matter of fact, part of it was not in existence at the time, (other than as stenographic notes, readable only by the stenographer) it is the duty of this Court to reject such "wheelbarrowed" record. We, therefore, sustain the motion to strike the bill of exceptions from the record.

After the appeal had been perfected and the record in the hands of this Court, appellant obtained a nunc pro tunc order of the court below, attempting to have incorporated in this record the instructions as given there, thus indirectly endeavoring to make the same a part of the bill of exceptions, all at a time when the court below had lost jurisdiction of the case, except in a very limited way and at a time when there was pending against the court below a writ of prohibition prohibiting the filing of an after prepared bill of exceptions. As stated in 3 Am. Jur., Appeal and Error, Section 528: "The general rule is universally recognized that a duly perfected appeal or writ of error divests the trial court of further jurisdiction of the cause in which the appeal has been taken." See also Commonwealth v. Stearns Lumber Co., 102 S. W. 836, 31 Ky. Law Rep. 439; and Ohio River Contract Co. v. Gordon, Judge, 172 Ky. 404, 189 S. W. 451. It has been consistently held that instructions cannot be reviewed by us unless they are identified by or made a part of the bill of exceptions. Where instructions are not so identified by or made a part of the bill of exceptions there remains to this Court only a determination as to the sufficiency of the pleadings to support the verdict. See Gardner et al. v. Alexander, et al., 159 Ky. 713, 169 S. W. 466, and the cases cited therein; A. Downs

& Bro. et al. v. Firemen's Ins. Co. of Newark, N. J., 206 Ky. 316, 267 S. W. 153.

This leaves only the question as to the legal sufficiency of the pleadings to support the verdict and judgment, concerning which there is no doubt.

The judgment is affirmed.

Chief Justice Sims dissenting.

I cannot, in good conscience, concur in the majority opinion, and I consider the question of such importance as to justify a dissenting opinion.

Here is a judgment for $25,000 plus $2,500 damages on the supersedeas bond and large court costs. By reason of an entrapment by court officials, the appellant is denied a review of the case because of what the majority opinion truly regards as fraud and deceit perpetrated by the court reporter and the deputy court clerk, sanctioned by the trial judge. An innocent litigant and its lawyer who, beyond question, have been diligent ought not to suffer through the dereliction of officers of the court. The successful party, who likewise was innocent of the irregularity, ought not to be permitted to profit thereby. This court should not deny the right of review if it can possibly be avoided within any reasonable construction of the procedural law. Especially is this true when a cursory examination of the record reveals what I consider an error in the instructions so prejudicial as to be tantamount to a peremptory against the defendant.

Regardless of these consequences, I think the opinion is unsound and opens up the law so that any party at any time may present evidence in this court to attack a judgment collaterally. Time and again this court, as all others have done, has written concerning the necessity of maintaining the stability of final orders and of the right of parties to rely upon them. We have just as often held that such judgments are to be accepted as true and conclusive and cannot be attacked in the appellate court except by an appeal where an appeal is the proper remedy. Thus, it was said in Simpson v. Antrobus, 260 Ky. 641, 86 S. W. 2d 544, 545: "The general rule is that a court of record speaks by means of its record only, and an entry made by the clerk with the authority of law must be regarded as a conclusive record and can-

not be explained or impeached by other evidence. In other words, the record of a court imports verity and cannot be contradicted by parol evidence."

This is a final order. It is not void. It may be voidable, but a collateral attack on an erroneous order is never permitted. White v. White, 294 Ky. 563, 172 S. W. 2d 72; Francis v. Sturgell's Ex'x., 253 Ky. 261, 69 S. W. 2d 357.

In Helm v. Hoke Co., 173 Ky. 525, 191 S. W. 269, cited in the majority opinion, and which is so like the present case, the irregularity was shown on the face of the record. That has always been so when we have sustained a motion to strike the bill of exceptions. In none of the cases was involved an order of court regular in all particulars. The proper way to challenge such an order upon some extraneous ground is by a motion in the trial court to set it aside. There is nothing in this record indicating that any such motion was made except a denied allegation in the original suit for a writ to prohibit the circuit judge from recertifying and refiling the bill of exceptions after the time for doing so had expired. The effect of the opinion is to receive evidence in this court and to act upon such evidence to impeach and vacate an order which on the record was regularly entered and signed. It is a definite, unconditional and unequivocal statement that a completed bill of exceptions was filed in time. But the majority say, upon evidence aliunde, that this is not true; that what the order purported to file was non-existent. That is usually the case in any attack upon an order of record, that is, it is untrue.

Let it be remembered that the time of approval or the certification of the document is secondary and not of primary importance, for that may be done even after the record has been filed in this court. Mann v. Moore, 112 Ky. 725, 66 S. W. 723; Allen v. Wigginton, 309 Ky. 279, 217 S. W. 2d 632. The controlling thing is the filing and time of filing the bill of exceptions. Commonwealth By State Highway Commission v. Castle, 293 Ky. 309, 168 S. W. 2d 1018; Kesselring v. Wakefield Realty Co., 306 Ky. 725, 209 S. W. 2d 63. Here, the order recites it was filed in time. That is all the lawyer had to go by and he had every right in the world to rely upon that order. It is not only a dangerous thing to hold otherwise but makes the practice of law extremely hazardous.

Every lawyer must now check the record to see that every order is supported by the papers upon which it is based. It is a common practice to enter judgments as of the last day of a term of court which were rendered later and were not in fact in existence on the date shown, but that date is regarded as conclusive and cannot be questioned in this court. Supreme Tent of Knights of Maccabees of World v. Dupriest, 238 Ky. 352, 38 S. W. 2d 241; Crook v. Wilson, 313 Ky. 680, 232 S. W. 2d 849. The same is true in other instances, the date shown in the record as that on which the judgment was entered being conclusive. Mitchell v. Demunbrum, 300 Ky. 477, 189 S. W. 2d 682; Avery v. Davenport, 300 Ky. 865, 190 S. W. 2d 663. I fear the effect of the majority opinion is to overrule that well settled law.

A recital in a judgment of a jurisdictional fact imports absolute verity and cannot be questioned collaterally or outside the record. Siler v. Carpenter, 155 Ky. 640, 160 S. W. 186; Wolverton v. Baynham, 226 Ky. 214, 10 S. W. 2d 837; Newhall v. Mahan, 245 Ky. 626, 54 S. W. 2d 26; Warfield Natural Gas Co. v. Ward, 286 Ky. 73, 149 S. W. 2d 705. I think the recital that a bill of exceptions was approved and filed is in the same class.

In Carter Coal Co. v. Clouse, 163 Ky. 337, 173 S. W. 794, there was an order filing the transcript of evidence in time. At a later day, beyond that fixed for filing, orders were entered showing that the bill and transcript were then examined, approved and filed. The motion was made in this court to strike the documents because the stenographer's certificate bore a date later than that fixed for filing. We held that this could not be used to impeach the verity of the first order.

It is generally held that the trial court exercises a discretion as to matters relating to the making and filing of the bill of exceptions and its discretion will not be disturbed on appeal unless it has been abused. 5 C. J. S., Appeal and Error, sec. 1634, p. 545. A bill of exceptions as approved by the trial judge is conclusive, and this court is bound by the bill as it appears in the record. Louisville Trust Co. v. Heimbuecher, 252 Ky. 217, 66 S. W. 2d 96; Castle v. Allen, 274 Ky. 658, 120 S. W. 2d 219. It is not subject to impeachment or contradiction by means of affidavits either filed in the record or sent here. Pendergrass v. Coleman, 207 Ky. 783, 270 S. W. 65;

Consolidated Coach Corp. v. Garmon, 233 Ky. 464, 26 S. W. 2d 20; Butcher v. Corbin Hdwe. & Furniture Co., 244 Ky. 632, 51 S. W. 2d 931.

What the judge did in the instant case was to prematurely approve an incomplete transcript. The authenticity and accuracy of the completed transcript are not questioned in any way. The approval and filing of a skeleton bill of exceptions which contains only its formal parts at the time it is signed by the judge with a parenthetical direction to the clerk to copy or incorporate designated evidence or documents or other parts of the record in the bill is generally regarded as acceptable. 4 C. J. S., Appeal and Error, sec. 821, 826, pp. 1308-1312.

My acquaintance with the practice is that it is customary throughout the state for the formal bill of exceptions to omit the instructions or other instruments and merely to put in it such a phrase as, "The clerk will here copy" the designated papers. This court has held this to be a proper way of making up a bill, and what is inserted will be accepted, at least in the absence of a showing that instructions, embodied in the bill are not those offered, given and refused. City of Ashland v. Williams, 203 Ky. 300, 262 S. W. 273, and cases cited therein.

The original instructions given and refused in the present case were in the file and record. Filling up blanks in the draft of a judgment is considered clerical. So where the judge leaves blank pages in front of his signature to be filled in by judgments or information, the record cannot be impeached.

Now, there was in fact a record of the evidence in existence when the order was made. Part of it was in typewriting and the rest of it in shorthand notes. The official record is the stenographer's notes, at least until they have been transcribed. KRS 28.430; Meadors v. Commonwealth, 281 Ky. 622, 136 S. W. 2d 1066. I take it if at the time the certificate was signed and the order entered that all the record had been typewritten, though it was not actually in the hands of the judge, and the certificate had been later bound with that transcript, the attack upon the record in this court would not be entertained for a moment.

. It is not stretching the construction of the occurrence to say the trial court regarded the tendering of the certificate as the tendering of a bill of exceptions, which he well knew, or would have known had he acted with full knowledge of the situation, would be attached and filed within a few days. Where a bill of exceptions is tendered in time, the court may file it later, even after the expiration of the time fixed for filing. Oliver v. Muncy, 271 Ky. 15, 111 S. W. 2d 392. The subsequent completion of the work of transcribing the notes and acceptance by the trial court through its clerk as being the official record may be regarded as of the same character as the bill of exceptions. Smalling v. Shaw, 144 Ky. 458, 139 S. W. 779.

In the Smalling case, a bill timely tendered in December was so defective, the judge refused to approve or to file it. There was no order showing the disposition, either approving or disapproving or signing of the bill, and there was nothing in the bill to show either of those facts. But time was given to a special January term for any motions or orders in the case. At that term an order recited the reason why the court had refused to sign the bill in December. It was because it did not contain the evidence and for other imperfections. The extension of time had been given to "correct [said] bill or present a bill of exceptions." After the time had expired, the judge entered an order filing a new bill, regarding it as but a correction of the defective one, although it appears to have been entirely rewritten. The order filing the bill recited "that the judge found that the only paper of the old bill of exceptions that was found in the new bill was the back or outside sheet which contained the indorsement showing that it had been offered and tendered to be filed in court at the December term."

This court refused to strike that substituted bill of exceptions, saying, among other things, "When the judge took possession of the original bill at the December term, and failed to make some disposition of it, the appellant was helpless. He could do nothing but wait for the court's action. The order entered on the fifth day of the special January term, which attempted to operate as an order of the sixth day of the preceding December term, and recited what then occurred regarding the judge's refusal to sign the bill, was of no force or effect. It cannot be

treated as a nunc pro tunc order for that purpose, for the reason that there was no memorandum of any kind entered at the December term upon which a nunc pro tunc order could be based at the succeeding January term.''

Both documents were filed in the record of the appeal. This court regarded the new bill of exceptions to be a mere correction of the original bill and accepted the original tender and certification and order as sufficient, although there was in fact only a defective skeleton, and only the back or outside sheet containing the indorsement of tender was in the new and completed bill.

The Nebraska case of Curran v. Wilcox, 10 Neb. 449, 6 N. W. 762, is like our case of Smalling v. Shaw, 144 Ky. 458, 139 S. W. 779, in the fact that the court reporter's transcript was worthless. The Supreme Court of that state held that because the attorneys had relied on the court stenographer, the appellant was entitled to a new trial, saying, ''Were it otherwise, the proceedings of the reporter would become a snare for the unwary. * * * The law will not permit the plaintiff to be prejudiced in his rights by * * * the failure of an officer of the court to do his duty.'' [10 Neb. 449, 6 N. W. 763.]

And in the Wyoming case of Richardson v. State, 15 Wyo. 465, 89 P. 1027, 1030, 12 Ann. Cas. 1048, the stenographer upon whom the party relied was unable to complete the transcript in time, but what had been completed was filed and withdrawn to be finished after the time had run out. But he lost those papers as well as his untranscribed notes. The court held the party was entitled to a new trial because of his inability to perfect his record on appeal. The court aptly said, ''There is no more reason for permitting a party to be deprived of his legal rights through a failure or a refusal of the official stenographer to perform his duties than through the failure or refusal of the judge or any other officer of the court to perform a duty imposed by law.''

In Oliver v. Muncy, 271 Ky. 15, 111 S. W. 2d 392, a party tendered a narrative form of a bill of exceptions within the time. Before its approval and after the expiration of the jurisdictional time for filing, the party appealing produced a stenographer's transcript of the

evidence. We held it proper for the court to approve that transcript and file the same as being a corrected bill of evidence. Of like effect is Turner v. Shropshire, 285 Ky. 256, 147 S. W. 2d 388.

With reference to the general proposition that the appellant should not be deprived of his right of review because of the irregular action of the court, I think we have a good and ample precedent upon which the right may rest. In Clover Farm Dairy Co. of Memphis, Tenn. v. Gillum, 222 Ky. 20, 299 S. W. 1065, a party had lodged a bill of exceptions in the clerk's office within the time allowed but through no fault of his own, though diligent, was unable to get a transcript of the evidence to go along with it. Nor was he able to get an extension of time because of the illness and absence of the judge. After the time had expired for filing, the trial court nevertheless granted further time and the transcript and bill were thereafter filed. Upon analogous cases, this court refused to strike the bill or transcript.

The court has properly given a liberal construction and application of the law respecting the time of filing of an appeal. It is our rule that if an incomplete record has been filed in good faith within the prescribed time and "the ends of justice will be served by allowing an additional or supplemental transcript to be filed" it will be permitted upon proper showing. Wilhoit v. Liles, 300 Ky. 564, 189 S. W. 2d 851, 853. And in Holmes v. Clark, 274 Ky. 349, 118 S. W. 2d 758, 759, 761, where there was a bona fide mistake between counsel with respect to filing an appeal in time, the court felt "it would be improper to apply the strict rule of practice to the facts so developed," and entertained the appeal.

In Clark v. Mason, 264 Ky. 683, 95 S. W. 2d 292, 294, "by reason of the peculiar facts and circumstances," the court treated as part of the record a bill of exceptions not filed in time in the circuit court. Of like effect is Gladdish v. Southeastern Greyhound Lines, 293 Ky. 498, 169 S. W. 2d 297.

Finally, the judiciary has a reserved inherent power to relax the Code provisions as to its own procedure and rules where to enforce those provisions, would result in thwarting the administration of justice. Burton v. Mayer, 274 Ky. 263, 118 S. W. 2d 161; Commonwealth

ex rel. Attorney General v. Furste, 288 Ky. 631, 157 S. W. 2d 59.

Therefore, even under the conception of the majority opinion—that the motion to strike the bill of exceptions is not an attack upon the order of the court and holding its recital may be ignored, but is an attack only upon the certification and approval of the instrument which the order recites as then being filed—I think this court should regard what was done as being within the discretion of the trial judge, irregular though it was, and the motion to strike should be overruled.

Dissenting opinion by Judge Sims on the modified opinion of the majority.

I think a recitation of the record and statement of the decisions of this court, as consistent as they are numerous, justify my disagreement with the modification of the opinion relating to the nunc pro tunc order. It disregards the order upon two grounds, viz. (1) the circuit court was without jurisdiction since an appeal had been perfected and there was pending a writ "prohibiting the filing of an after prepared bill of exceptions;" (2) the plaintiff was indirectly endeavoring to make the instructions a part of the bill of exceptions, and "instructions cannot be reviewed by us unless they are identified by or made a part of the bill of exceptions."

At the time the instructions were given, this order was entered:

"Thereupon the Court instructed the jury by written instructions numbered 1, 2 A. B. 3, A. B. C. 4, 5, 6, A. B. C. D. and 7, to which the parties by counsel excepted."

The instructions were headed, "Instructions Given May 18, 1949," and the Clerk at the time stamped the document.

"Filed in Court
May 18, 1949
Karl E. Rothrock, Clerk
By R. Curley
Deputy Clerk"

As stated in the majority opinion, the plaintiffs secured from this court a temporary writ prohibiting Judge Field from "certifying and approving, or rather

recertifying and again approving" the bill of exceptions. The defendant did not wait for final action of this court in that proceeding but on November 15, 1949, perfected an appeal by filing the record and the bill of evidence with the attached prematurely dated certificate. On January 21, 1950, the trial court entered an order reciting the above account of its record and the examination of the original and stated that of itself the record furnished ample basis for the entry of a nunc pro tunc order as sought by the defendant. Accordingly, an order was entered "that said instructions numbered as above be filed as of May 18, 1949, and as of said date made a part of the record without being spread at large on the order book of this court." This was simply supplying an omission from the order of May 18, 1949, above quoted as established by the document and the clerk's endorsement thereon.

I cannot agree that the trial court had lost the power to correct the omission. The majority opinion quotes 3 Am. Jur., Appeal and Error, Sec. 528, as to "general rule" with respect to the loss of jurisdiction as to amending proceedings, entertaining a review of a judgment and the like. I think Sec. 530 is more applicable to this case. It reads:

"Although an appeal or error proceeding, when properly perfected, deprives the trial court of jurisdiction of the case, it is generally held that the pendency of an appeal or writ of error does not deprive the trial court of the power to correct its record so that it will speak the truth and truly set forth the proceedings as they actually occurred. There are a few decisions to the contrary, however. The pendency of an appeal does not deprive the lower court of power to correct a mere clerical error in the entry of the judgment, though the correction of the error deprives the appellant of his ground of appeal."

That has always been the rule in Kentucky. Beginning in the year 1810, this court has recognized that it is the inherent and exclusive power of a trial court to correct its own errors of record and that the corrected record will be considered by this appellate court in its review of the case. Boyle v. Connelly, 2 Bibb 7, 5 Ky. 7; Keans v. Rankin, 2 Bibb 88, 5 Ky. 88; Speed's Executors v. Hann, 1 T. B. Mon. 16, 17 Ky. 16; Gentry v.

Hutchcraft, 7 T. B. Mon. 241, 23 Ky. 241; Dodds v. Combs, 3 Metc. 28, 60 Ky. 28, 77 Am. Dec. 150; Long v. Gaines, 4 Bush 353, 67 Ky. 353; Williams v. Thompson, 80 Ky. 325; Cochran v. Fidelity Trust & Safety Vault Co., 62 S. W. 1038, 23 Ky. Law Rep. 221; Bowman v. Ray, Ky., 80 S. W. 200; Mullins v. Mullins, 81 S. W. 687, 26 Ky. Law Rep. 442; Estes v. Bowman Bros, 182 Ky. 172, 206 S. W. 304; Higdon v. Commonwealth, 257 Ky. 69, 77 S. W. 2d 400; Crook v. Schumann, 293 Ky. 334, 168 S. W. 2d 1004; Simms v. Veach, 307 Ky. 226, 210 S. W. 2d 762. There are many other cases, too innumerable to mention, to the same effect. See notes, 10 A. L. R. 527; 67 A. L. R. 830; 126 A. L. R. 958. And this court has recently reiterated that a supplemental record filed will be considered on a petition for rehearing and the case disposed of on that basis. Fidelity & Columbia Trust Co. v. Huffman, 259 Ky. 477, 82 S. W. 2d 482. In quite an exhaustive treatment of nunc pro tunc orders in Happy Coal Co. v. Brashear, 263 Ky. 257, 92 S. W. 2d 23, it is said that such an order will not be disturbed unless it is proved to be void, and the presumption of a trial court's action in making an order book entry of an order nunc pro tunc is as great as that in favor of anything in the record.

I think the two cases cited in the majority opinion are clearly distinguishable. Indeed, it is held in one of them that after an appeal, no further steps can be taken in the trial court, *"except by way of amendment or correction of the record."* Ohio River Contract Co. v. Gordon, 172 Ky. 404, 189 S. W. 451, 453.

Coming to the second ground which the majority say prevents the consideration of the corrected record, I cannot regard the motion for the nunc pro tunc order as an effort to "wheelbarrow" the instructions into this court or as being an indirect endeavor, "to make the same a part of the bill of exceptions, all at a time when the court below had lost jurisdiction of the case, except in a very limited way," nor agree with the holding that because the instructions are not "identified by or made a part of the bill of exceptions" they cannot be considered.

The clerk's record of the orders of the court is never a part of the bill of exceptions. Sec. 337, Civil Code of Practice, provides a bill of exceptions must be prepared,

filed and authenticated showing a decision or ground of objection only "If the decision be not entered on the record, or the grounds of objection do not appear in the entry." In Morton v. Chesapeake & O. Ry. Co., 240 Ky. 199, 41 S. W. 2d 1110, 1111, the court said:

"We have a long line of decisions beginning with Goldsbury v. May, (1822) (1 Litt. 254) 11 Ky. 254, to the effect that instructions must be made a part of the record by order of court or by a duly authenticated bill of exceptions."

This has been repeated many, many times. Later cases which may be cited are Gibralter Coal Mining Co. v. McCown, 242 Ky. 281, 46 S. W. 2d 96; Quisenberry v. Commonwealth, 299 Ky. 390, 185 S. W. 2d 669, 671. In the latter case, it is said that the provisions of the Code of Practice

"* * * do not provide an exclusive method of authenticating instructions in order to render objections to them available on appeal. We have held in numerous opinions that it is sufficient if they are identified by an order of court."

The majority opinion cites Gardner v. Alexander, 159 Ky. 713, 169 S. W. 466, and A. Downs & Brothers v. Fireman's Insurance Co., 206 Ky. 316, 267 S. W. 153. They merely say the instructions in the respective cases could not be considered because they were not identified by or made a part of the bill of exceptions. In the light of the Civil Code of Practice provisions and the innumerable cases holding that this is not the only way in which instructions may be identified and brought up on appeal, the omission in those opinions of any further statement cannot be regarded as overruling all the cases that went before or as destroying the force of all the cases that came afterward which declare it is sufficient that same be filed by an order of the court and made a part of the clerk's record.

It is well settled that where there is an error shown in the record it may be considered even where there is no bill of exceptions. Thus, it is said in Postal Telegraph-Cable Co. v. Louisville Cotton Oil Co., 136 Ky. 843, 122 S. W. 852, 854, 125 S. W. 266:

"It is not necessary to put in the bill of exceptions the pleadings, orders of court, or any motion or paper

that is mentioned in the orders of court as having been offered or filed as a part of the record, although it may not be copied on the record book, as the fact that it is there mentioned is sufficient evidence of its identification to make it a part of the record for this court when copied by the clerk accompanied by his certificate."

The office of a bill of exceptions is to incorporate in the record that which has not been made a part thereof by court order. It is not necessary for the instructions or the exceptions thereto to be included in the bill of exceptions where they are made part of the record by an order of court as was done in this instance by the nunc pro tunc order Judge Fields entered. The modification of the original opinion by the majority so far misconceives the purpose of a bill of exceptions that I feel the opinion will not stand long, but that will not ameliorate the grave injustice done in the present case.

I regard the instructions to be before us. They contain what I consider a gross error in that they placed upon the railroad company the duty to give warning of the approach of the train to the crossing by *both* blowing the whistle *and* ringing the bell. The statute only requires that one *or* the other be done. KRS 277.190. If the statement in the appellant's brief be supported by the stricken bill of evidence, there was no claim by any witness for either party that the bell was rung, hence, the instruction was tantamount to a peremptory for the plaintiffs. If we presume there is such evidence, the instruction is still prejudicial and erroneous.

I am authorized to say Judge Helm joins me in this dissent.

Judge Thomas was absent and did not sit in the case.